UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. Action No. 08-CV-04068 (CLB) (LMS) |
| THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC.; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR., an individual; JOHN EDGAR MOLL, an individual, JOHN STEVEN MOLL, an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ECF Filed |
| Defendants. | ) | |

## ANSWER OF MUSIC CITY OPTICAL MEDIA, INC. TO COMPLAINT

Comes now Music City Optical Media, Inc. ("Defendant" or "MUSIC CITY"), and for its Answer to the Plaintiffs' First Amended Complaint states as follows:

1. Defendant admits that the First Amended Complaint alleges claims for breach of contract, patent infringement, and constructive trust, but denies that such allegations have any basis in law or fact.

## THE PARTIES

2. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

3. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

4. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

5. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

6. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

7. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

8. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

9. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

10. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

11. Defendant lacks sufficient information or knowledge to admit or deny these

allegations, and hence the allegations are denied.

12. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

13. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

14. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

15. Admitted.

16. Admitted.

17. Denied. Defendant John Moll is Chairman of Music City, and his mailing address is 1032 Stonemark Trail, Lavergne, TN 37086.

18. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

19. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

20. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

21. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

22. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

23. Paragraph 23 does not contain any allegations to which a response can be made.

24. Defendant lacks sufficient information or knowledge to admit or deny these

allegations, and hence the allegations are denied.

## JURISDICTION AND VENUE

25.     Admitted.

26.     Denied.

27.     Admitted with regard to Defendant Music City, but denied with regard to individual defendants John Moll and Steven Moll  Defendant lacks sufficient information or knowledge to admit or deny these allegations with regard to the other Defendants, and hence the allegations are denied.

28.     Denied.

29.     Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

30.     Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

31.     Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

32.     Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

33.     Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

34.     Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

35.     Admitted.

36. Denied.

37. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

38. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

39. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

40. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

41. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

42. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

43. Denied.

44. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

45. Denied.

46. Denied.

## FACTS RELATED TO PHILIPS

47. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

48. Defendant lacks sufficient information or knowledge to admit or deny these

allegations, and hence the allegations are denied.

49. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

50. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

51. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

52. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

53. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## FACTS RELATED TO THE REPLICATOR DEFENDANTS

54. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

55. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

56. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

57. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

58. Defendant admits that Exhibits M, N, O and P are accurate copies of the agreements identified in this paragraph, and avers that said agreements speak for themselves.

59. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

60. Paragraph 31 does not contain any allegations to which a response can be made.

61. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

62. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

63. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

64. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

65. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

66. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

67. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

68. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

69. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

70. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

71. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

72. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

73. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

74. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

75. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

76. Denied.

77. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

78. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

79. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

80. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

81. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

82. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

## FACTS RELATED TO BREACH OF CONTRACT CLAIM

83.    With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

84.    With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

85.    Denied.

86.    Defendant admits that it began paying royalties in or about the second quarter of 2002. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any other allegations are denied.

87.    Defendant admits that it ceased paying royalties in the second quarter of 2006, as its products were not covered by any patent owned by Plaintiffs and no royalties needed to be paid under any agreement. Any other allegations are denied.

88.    Defendant admits that it has made and sold CD-discs in the United States since the second quarter of 2006, but denies any inference that royalty reports or royalties are due to Philips for such CD-discs as these products were not covered by any patent owned by Plaintiffs and no royalties needed to be paid under any agreement. Any other allegations are denied.

89.    Defendant admits that CD-discs it has made since the second quarter of 2006 are available are some locations in the United States. Any other allegations are denied.

90.    Denied. Defendant specifically denies any inference that any royalties are due on CD-discs it has made or sold since the second quarter of 2006.

91.    With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Defendant further denies that it has failed to submit any

reports for products for which any royalties may be due.

93. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

93. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

94. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

### FACTS RELATING TO PATENT INFRINGEMENT CLAIM

95. Denied.

96. Denied.

97. Denied.

98. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

99. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

100. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

101. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

102. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

103. Defendant lacks sufficient information or knowledge to admit or deny these

allegations, and hence the allegations are denied.

104. Denied.

105. Denied.

106. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

107. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

108. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

109. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

110. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

111. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

112. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

113. Denied.

114. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

115. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

116. Defendant lacks sufficient information or knowledge to admit or deny these

allegations, and hence the allegations are denied.

117. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

118. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

119. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

120. Denied.

121. Denied.

122. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

## FACTS RELATING TO CONSTRUCTIVE TRUST CLAIM

123. Denied.

124. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

125. Defendant admits entering into an asset purchase agreement with Eva-Tone, but denies that the assets include any royalties wrongfully withheld from Philips, or any implication that it has wrongfully withheld or owes royalties to Philips. All remaining allegations of Paragraph 125 are denied.

126. Denied.

## COUNT I
## BREACH OF CONTRACT

127. Defendant repeats and realleges its responses to every allegation set forth in the Complaint.

128. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations, and hence the allegations are denied.

129. Admitted.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

136. With regard to the agreements with this Defendant, Defendant avers that Exhibits M, N, O and P speak for themselves. Any inconsistent allegations are denied.

137. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

138. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

139. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

140. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

141. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

142. Denied.

143. Denied.

## COUNT II
## PATENT INFRINGEMENT

144. Defendant repeats and realleges its responses to every allegation set forth in the Complaint.

145. Denied.

146. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

147. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

148. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

149. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

150. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

151. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

152. Denied.

153. Denied.

## COUNT III
## CONSTRUCTIVE TRUST

154. Defendant repeats and realleges its responses to every allegation set forth in the Complaint.

155. Denied.

156. Defendant lacks sufficient information or knowledge to admit or deny these allegations, and hence the allegations are denied.

157. Defendant admits entering into an asset purchase agreement with Eva-Tone, but denies that the assets include any royalties wrongfully withheld from Philips, or any implication that it has wrongfully withheld or owes royalties to Philips. All remaining allegations of Paragraph 157 are denied.

158. Denied.

159. Denied.

## AFFIRMATIVE DEFENSES

In further answering the Complaint, Defendant pleads the following affirmative defenses:

1. The First Amended Complaint fails to state a claim or claims upon which relief can be granted.

2. This Defendant has not willfully or otherwise infringed, induced or contributed to the infringement of any patent rights held by Plaintiffs.

3. Upon information and belief, one or more claims of the patent-in-suit are invalid for failure to comply with one or more of the provisions of sections 35 U.S.C. §§ 101, *et seq.*,

including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, and 287.

4.  The patent-in-suit is unenforceable as a result of Plaintiffs' actions with regard to the prosecution of the patent application before the U.S. Patent and Trademark Office.

5.  Plaintiffs' conduct constitutes a misuse of the patent-in-suit, thereby rendering that patent unenforceable.

6.  Through discovery and otherwise, Defendant intends to develop evidence that some or all of Plaintiff's claims are barred by the statute of limitations and/or the doctrines of unclean hands, estoppel, prosecution history estoppel, laches, and acquiescence.

7.  Plaintiffs have failed to mitigate damages.

8.  Defendant reserves the right to raise and assert any other and further defenses as may appear appropriate in the further course of this litigation.

WHEREFORE, Defendant Music City Optical Media, Inc. prays for judgment as follows:

a)  Dismissal of Plaintiffs' claims with prejudice and denial of all relief sought in the Complaint;

b)  A declaration that U.S. Patent No. 5,068,846 is invalid and/or unenforceable;

c)  A declaration that Defendant has not infringed U.S. Patent No. 5,068,846, or induced or contributed to the infringement thereof, and has not breached or induced the breach of any agreement or contract with Plaintiffs;

      d)      An award to Defendant of its costs, attorneys' fees and expense incurred in this action; and

      e)      Such other necessary or proper relief as the Court deems just and appropriate.


Dated: June 25, 2008

                        Respectfully submitted,

                        By:   <u>s/Robert E. Hanlon</u>
                             Robert E. Hanlon (RH-8794)
                             David J. Eklund (DE-1068)
                             ALSTON & BIRD LLP
                             90 Park Avenue
                             New York, NY  10016-1387
                             (212) 210-9400
                             (212) 210-9444 (fax)


                             Of Counsel:

                             W. EDWARD RAMAGE (TN No. 16261)
                             BAKER, DONELSON, BEARMAN,
                             CALDWELL & BERKOWITZ, P.C.
                             Commerce Center, Suite 1000
                             211 Commerce Street
                             Nashville, Tennessee  37201
                             Phone:       (615) 726-5771
                             Facsimile:   (615) 544-5771
                             Email: eramage@bakerdonelson.com

                             Attorneys for Music City Optical Media