UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC.; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR., an individual; JOHN EDGAR MOLL, an individual, JOHN STEVEN MOLL, an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100,<br><br>    Defendants. | Civ. Action No. 08-CV-04068 (CLB) (LMS)<br><br>ECF Filed |

**DEFENDANTS JOHN EDGAR MOLL AND JOHN STEVEN MOLL'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants John Edgar Moll ("John Moll") and John Steven Moll ("Steven Moll") (collectively, the "Molls"), pursuant to Rule 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure, respectfully move this Court to dismiss Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation's (collectively "Philips") First Amended Complaint for failure

to state a claim upon which relief may be granted, or, in the alternative, for lack of personal jurisdiction.

Plaintiffs' First Amended Complaint fails to adequately state or describe the factual grounds that support its claim that the Molls may be individually liable as the alter ego of Defendant Music City Optical Media, Inc. ("Music City"). Additionally, Plaintiffs' claim that the Molls are personally liable for allegedly inducing Music City to breach its agreements with Plaintiffs is inadequately pled and fails as a matter of law because the Molls are immune as a matter of law from personal liable on such a claim. Accordingly, Plaintiffs' First Amended Complaint against the Molls fails to state cognizable claims and should be dismissed. Alternatively, as a separate and independent ground for dismissal, the Molls assert that this Court lacks personal jurisdiction over them.

## FACTUAL BACKGROUND

Defendants John Moll and Steven Moll are principals and officers of Defendant Music City. First Amended Complaint ¶¶ 15-17.[1] Music City is a Tennessee corporation with its principal place of business in Lavergne, Tennessee. *Id.* ¶ 15.

On April 30, 2008, Plaintiffs filed a Complaint against numerous defendants alleging breach of contract, patent infringement, and constructive trust. On June 10, 2008, Plaintiffs filed its First Amended Complaint.

While Plaintiffs have alleged claims for breach of contract, patent infringement, and constructive trust against Music City, the dispute centers on a single factual issue. Music City is

---

[1] While the First Amended Complaint correctly states that Steven Moll is the President of Music City, John Moll is actually Chairman of Music City, not its Chief Executive Officer. *See* Declaration of John E. Moll ¶ 1. This error, however, does not affect the analysis herein.

a replicator of CDs. It has entered into a "CD Disc Patent License Agreement" with Plaintiff Philips (the "Music City Agreement"), which provides for royalties to be paid for certain types of CDs covered by certain patents manufactured by Music City. Id. ¶ 58 & Exhibit M.

The dispute centers upon whether CDs that Music City manufactured beginning in early 2006 fall within the scope of Philips' patents. Music City, and the Molls, believe that they do not, and thus no royalties are owed under the Music City Agreement. Philips believes that they do, and contends that royalties are owed. If Music City is correct, and the CDs it has sold are not within the scope of Philips' patents, then there has been no breach of contract and, of course, no patent infringement. If Philips is correct, then Music City does owe royalties under the contract; however, there is still no patent infringement.

Plaintiffs assert two claims against the Molls: breach of contract, and patent infringement. Plaintiffs claim that the Molls are liable as the alter egos of Music City. Plaintiffs also seek to impose individually liability on the Molls for allegedly inducing Music City to breach its agreements with the Plaintiffs.

The First Amended Complaint, however, is remarkably short of factual allegations supporting the alter ego theory. Plaintiffs allege in a conclusory fashion that the Molls "personally, actively, and knowingly controlled and directed Music City in making and selling CD-Discs covered by the '846 patent in the U.S. without paying royalties to Philips." First Am. Compl. ¶ 104. Plaintiffs further allege that the "Molls intended to avoid personal liability for their acts of patent infringement by acting as Music City in making and selling CD-Discs covered by the '846 patent. The Molls are the alter ego of Music City." Id. ¶ 105. No other allegations related to Plaintiffs' alter ego claim are included in the First Amended Complaint.

Likewise, with respect to their claim that the Molls allegedly induced Music City to breach its agreements with the Plaintiffs, Plaintiffs generically allege that the "Individual Defendants [the Molls] … intentionally induced the Replicator Defendants [Music City] to breach the Replicator Agreements. . . ." *Id.* ¶ 132. No other allegations specific to the Molls are included in the First Amended Complaint regarding this claim.

The Molls individually have had limited contact with this district. John Moll is a resident of Tennessee, and has attended board meetings and business meetings as an officer of Music City in Tennessee. *See* Declaration of John E. Moll ¶¶ 2-4. Steven Moll also is a resident of Tennessee, and his contacts are similarly limited. *See* Declaration of John Steven Moll ¶¶ 2-4.

**ARGUMENT**

**I.    FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6).**

Applying the standard delineated in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Court should dismiss Plaintiffs' claims attempting to hold the Molls personally liable for the actions of Music City. Plaintiffs' First Amended Complaint fails to allege sufficient facts to support its bare allegation that the Molls are the alter egos of Music City. Likewise, Plaintiffs' claim that the Molls are individually liable for allegedly inducing Music City to breach its agreements with the Plaintiffs fails to allege any supporting facts and further fails as a matter of law because the Molls are immune from individual liability on such a claim. Thus, the Court should dismiss Plaintiffs' claims against the Molls for all acts alleged in the First Amended Complaint.

**A.	Standard of Law.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a claim if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A cause of action can fail to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

In the recent case of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965. "Rule 8(a)(2) still requires a showing rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id*. at 1965, n. 3 (internal quotation marks omitted). When a complaint contains inadequate factual allegations, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 1966. From *Twombly*, it is clear that Rule 8(a)(2)'s basic requirement for "a short and plain" statement does not eliminate the need for a certain minimum amount of specificity in a pleading. Rather, "a district court must retain the power to insist upon some specificity in pleading before allowing a

potentially massive factual controversy to proceed." *Id*. at 1967 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n. 17 (1983)).

Moreover, the Supreme Court in *Twombly* rejected the well-known test set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Instead, the *Twombly* Court adopted a standard that requires "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. In applying this standard, the *Twombly* Court noted a complaint must include more than "a few stray statements" directed to the elements of a claim and "mere … legal conclusions" resting on prior allegations will no longer suffice to state a claim. *Id*. at 1970.[2]

**B.    Plaintiffs' Bald Allegations of Individual Liability Based on Alter Ego Theory Fail to Satisfy *Twombly*'s Standard.**

Plaintiffs have wholly failed to allege facts that support their attempt to pierce the corporate veil to hold the Molls personally liable for any alleged infringement of the patent-in-suit by Music City. In order to successfully state an alter ego claim, the plaintiff must state specific facts that show that the defendants have acted as the alter ego of an entity. Under New York law,[3] "[a] party seeking to pierce the corporate veil … must generally show that: '(1) the owners exercised complete domination of the corporation in respect to the transaction attacked;

---

[2] Courts have applied *Twombly* to numerous causes of action. *See ATSI Comms., Inc. v. Shaar Fund, Inc.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007) (noting the Second Circuit "ha[s] declined to read *Twombly*'s flexible 'plausibility standard' as relating only to antitrust cases").

[3] The agreements at issue in this case include choice-of-law provisions calling for the application of New York law, although Tennessee law may apply as Music City is a Tennessee corporation. The choice of law is not critical, however, as Tennessee law is not substantially different from New York law, and the pleading standard has not been met in any event.

and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury.'" *See Apace Communications, Ltd. v. Burke*, 522 F. Supp. 2d 509, 521 (W.D.N.Y. 2007) (quoting *Morris v. New York State Dep't of Taxation*, 623 N.E.2d 1157, 1160-61 (N.Y. 1993)); *see also EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 274 (S.D.N.Y. 2004) ("To avoid dismissal, a party seeking application of the doctrine must come forward with factual allegations as to both elements of the veil-piercing claim"). "The Second Circuit has stated that veil piercing is a narrow exception to the doctrine of limited liability for corporate entities, and that courts should permit veil-piercing only under 'extraordinary circumstances.'" *EED Holdings*, 387 F. Supp. 2d at 273 (quoting *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996)).

In the First Amended Complaint, Plaintiffs have failed to allege anything beyond conclusory allegations that the Molls are the alter ego of Music City. First Am. Compl. ¶¶ 104-05. These allegations are insufficient and cannot survive a motion to dismiss for failure to state a claim. "Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard." *Apace Comm.*, 522 F. Supp. 2d at 521 (quoting *In re Currency Conversion Fee Antitrust Litigation*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003)). "The mere claim that the corporation was completely dominated by the owners, or conclusory assertions that the corporation acted as their 'alter ego,' without more, will not suffice to support the equitable relief of piercing the corporate veil." *Goldman v. Chapman*, 844 N.Y.S.2d 126, 127 (2d Dep't 2007).

Indeed, many courts even applying the less stringent pre-*Twombly* standard have found that dismissal was appropriate when the complaint included the bare allegations like those asserted in Plaintiffs' First Amended Complaint. For example, in *De Jesus v. Sears, Roebuck &*

*Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996), the Second Circuit held that the complaint was properly dismissed when it failed to allege sufficient supporting facts to support the allegation that the fraudulent actions taken by corporate subsidiary's employees were "caused by, known to and ratified by" the parent corporation. The court noted that "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Id.* (quoting *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)).

In this case, Plaintiffs have simply stated the elements of a claim for veil-piercing and have not alleged facts which support its claim that the Molls should be held personally liable for any alleged infringement of the patent-in-suit by Music City. As the Supreme Court in *Twombly* held, a complaint must include more than "a few stray statements" directed to the elements of a claim and "mere … legal conclusions" resting on prior allegations will no longer suffice to state a claim. *Twombly*, 127 S. Ct. at 1970.

Accordingly, because Plaintiffs have failed to allege any facts which support their conclusory allegations listing the elements of a claim of piercing the corporate veil, the claims of patent infringement and breach of contract, to the extent that they are based on an alter-ego theory, should be dismissed.

**C.  Plaintiffs' Complaint Fails to State a Claim Under Which the Molls Would Be Personally Liable for Inducing Music City's Alleged Breach of Contract.**

Count I of Plaintiffs' First Amended Complaint is a breach of contract claim. As the Molls are not party to any contract with Plaintiffs, this claim is subject to immediate dismissal. While the complaint alleges that the Molls should be held personally liable for allegedly inducing Music City to breach its agreements with Plaintiffs, no specific factual allegations have been alleged which support this allegation, making dismissal appropriate under *Twombly*. *See*

*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (*Twombly* requires the court to apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."). Here, Plaintiffs have wholly failed to assert any facts whatsoever related to its claim that the Molls should be held personally liable. Without alleging *any* facts to support this claim, Plaintiffs' claim simply must be dismissed under the *Twombly* standard. *Twombly*, 127 S. Ct. at 1965 n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.").

Moreover, dismissal is appropriate because acting as officers and employees of Music City, the Molls are immune from personal liability for a claim of inducing a corporation to breach a contract. As the Second Circuit has noted, while immunity does not a shield a claim of fraud pled with particularity, "[i]mmunity extends to officers or employees who induce their corporation to breach a contract." *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 434 (2d Cir. 1995) (citing *Citicorp Retail Serv., Inc. v. Wellington Mercantile Serv., Inc.*, 455 N.Y.S.2d 98, 99 (2d Dep't 1982)). Relying on a related principle to the one announced by the Second Circuit in *Grappo*, this Court found that a defendant is not personally liable for inducing a breach of contract when he or she acts in the capacity of a corporate officer. *Oscar Productions, Inc. v. Zacharius*, 893 F. Supp. 250, 256 (S.D.N.Y. 1995). In *Oscar Productions*, the court dismissed a complaint based on this principle: "defendants' motion to dismiss the first cause of action of plaintiff's complaint should be granted to the extent that the first count names Zacharius as a defendant." *Id.* The court noted that "[d]efendants 'cannot be held individually liable for a breach of contract [if] they acted in their capacities as officers.'" *Id.* (quoting *Puma*

9

*Indus. Consulting, Inc. v. Daal Assocs., Inc.*, 808 F.2d 982, 986 (2d Cir. 1987)). The court reasoned that the plaintiff "adduce[d] no evidence indicating that Zacharius was acting in a personal capacity." *Id.*

Here, Plaintiffs' First Amended Complaint is devoid of any factual allegation supporting a conclusion that the Molls were not acting in their capacities as officers for Music City. Thus, the Plaintiffs' claim against the Molls for allegedly inducing Music City to breach its agreement with Plaintiffs fails as a matter of law.

## II.   LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2).

In order to oppose a motion to dismiss for lack of personal jurisdiction, Plaintiffs must make a *prima facie* showing of personal jurisdiction over the Molls. *See Visual Sciences, inc. v. Integrated Comm'ns, Inc.*, 660 F.2d 56, 58 (2d Cir. 1981). The court applies the personal jurisdiction standard of the forum state, New York, in determining the existence of personal jurisdiction in diversity cases. *See Agency Rent a Car System v. Grand Rent a Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). This requires a showing that (1) there is a basis for jurisdiction under New York's long arm statute, and (2) the exercise of personal jurisdiction is consistent with due process under the Fourteenth Amendment. *See id.*

Plaintiffs have failed to make the requisite *prima facie* showing. The Molls are residents of Tennessee. They are not residents of New York, and have not lived in New York. As officers of Music City, they conduct business at Music City's offices in Tennessee. They are not parties to the Music City Agreement, and have not traveled to New York in connection with that agreement. Declaration of John Steven Moll ¶¶ 2-4; Declaration of John E. Moll ¶¶ 2-4.

The fact that Music City has consented to jurisdiction of this Court does not subject the Molls individually to personal jurisdiction in this forum. While personal jurisdiction may exist over an individual defendant where there is a sufficient showing that that a corporation that consents to jurisdiction was the individual defendant's alter ego, no such showing has been made in this case, as discussed in detail above.

Accordingly, as an independent and separate ground, the First Amended Complaint should be dismissed as against the Molls due to lack of personal jurisdiction.

## CONCLUSION

Because the Plaintiffs' have failed to allege sufficient facts under *Twombly* to support its claims that the Molls are individually liable and because its claim that the Molls are personally liable for any alleged breach of contract by Music City fails as a matter of law, and alternatively, because this Court lacks personal jurisdiction over the Molls, the Court should grant Defendants' Motion to Dismiss and dismiss all claims against the Molls.

Date: June 25, 2008                                    Respectfully submitted,


                                    By:  s/Robert E. Hanlon
                                         Robert E. Hanlon (RH-8794)
                                         David J. Eklund (DE-1068)
                                         ALSTON & BIRD LLP
                                         90 Park Avenue
                                         New York, NY  10016-1387
                                         (212) 210-9400
                                         (212) 210-9444 (fax)

Of Counsel:

W. EDWARD RAMAGE (TN No. 16261)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee  37201
Phone:        (615) 726-5771
Facsimile:    (615) 544-5771
Email: eramage@bakerdonelson.com

*Attorneys for John Edgar Moll and John Steven Moll*