IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.08-cv-4068 (CLB) |
| | : | |
| v. | : | ECF Case |
| | : | |
| THE ADS GROUP fka ADVANCED | : | **ANSWER AND** |
| DUPLICATION SERVICES LLC; AMERICAN | : | **COUNTERCLAIM** |
| MEDIA INTERNATIONAL, LTD.; | : | |
| CARBONITE INC.; THE COMVEST GROUP; | : | |
| CONCORD RECORDS, INC.; CONCORD | : | |
| MUSIC GROUP, INC; EVA-TONE, INC.; | : | |
| HAL LEONARD CORP.; HUDSON VALLEY | : | |
| CAPITAL PARTNERS, INC.; INOVERIS LLC; | : | |
| INTUIT INC.; METATEC INTERNATIONAL, | : | |
| INC.; MTI ACQUISITION LLC aka MTI | : | |
| ACQUISITION CORP.; MUSIC CITY OPTICAL | : | |
| MEDIA, INC.; ZOMAX INCORPORATED; | : | |
| MICHAEL F. HARDWICK, an individual; ARUN | : | |
| KHURANA, an individual; JEAN A. LAGOTTE | : | |
| JR., an individual; JOHN EDGAR MOLL, an | : | |
| individual, JOHN STEVEN MOLL, an individual; | : | |
| DAVID A. SILVON, an individual; and John Does | : | |
| No. 1 through 100 | : | |
| | : | |
| Defendants and | : | |
| Counterclaim Plaintiffs. | : | |

Defendants The ADS Group ("ADS"), American Media International, Ltd. ("AMI"),

The ComVest Group ("ComVest"), Hudson Valley Capital Partners, Inc. ("Hudson Valley");

Inoveris LLC ("Inoveris"), Metatec International, Inc. (a non-existent entity that may be

dismissed from this action) ("Metatec"), MTI Acquisition, LLC (a non-existent entity that may

be dismissed from this action) ("MTI') , Zomax Incorporated ("Zomax") (collectively referred to

as the "Zomax Defendants"); Arun Khurana ("Khurana"), Jean A. Lagotte Jr. ("Lagotte") and

David A. Silvon ("Silvon"), all of whom are collectively referred to as the "Defendants," hereby respond to the First Amended Complaint by Koninklijke Philips Electronics N.V. ("Philips N.V.") and U.S. Philips Corporation ("U.S. Philips") (sometimes collectively referred to as "Philips") by and through their counsel as follows:

1.      The allegations contained in Paragraph 1 appear to characterize the nature of this case.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 1.

### THE PARTIES

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and, therefore, deny them.

3.      ADS denies that it is a company organized under the laws of Minnesota, but admits that it has a place of business at the stated address.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, therefore, deny them.

4.      ADS admits that Mr. Hardwick is the Chief Executive Officer of ADS.  The remaining   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and, therefore, deny them.

5.      Hudson Valley denies that it owns ADS, but admits the remaining allegations contained in Paragraph 5.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and, therefore, deny them.

6.      Mr.  Lagotte denies that he is the Chief Executive Officer of Hudson Valley, but admits the remaining allegations contained in Paragraph 6.  The remaining Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and, therefore, deny them.

7.     AMI admits the allegations contained in Paragraph 7.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, therefore, deny them.

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, therefore, deny them.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and, therefore, deny them.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and, therefore, deny them.

11.     Inoveris admits the allegations contained in Paragraph 11.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and, therefore, deny them.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and, therefore, deny them.

13.     Metatec is a non-existent company that may be dismissed from this action.  To the extent a response is required, Metatec denies the allegations contained in Paragraph 13.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and, therefore, deny them.

14.     MTI is a non-existent entity that is expected to be dismissed from this action.  To the extent a response is required, MTI denies the allegations contained in Paragraph 14.  The

remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and, therefore, deny them.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and, therefore, deny them.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and, therefore, deny them.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and, therefore, deny them.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, therefore, deny them.

19.    Zomax admits the allegations contained in Paragraph 19.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and, therefore, deny them.

20.    Mr. Khurana admits the allegations contained in Paragraph 20.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and, therefore, deny them.

21.    Mr. Silvon admits the allegations contained in Paragraph 21.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and, therefore, deny them.

22.    ComVest admits the allegations contained in Paragraph 22.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and, therefore, deny them.

23.     Defendants admit that Philips has elected to so classify the companies in the complaint.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and, therefore, deny them.

## JURISDICTION AND VENUE

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and, therefore, deny them.

26.     The allegations contained in Paragraph 26 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 26.

27.     The allegations contained in Paragraph 27 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 27.

28.     ADS, AMI, ComVest, Hudson Valley, Inoveris, Metatec, MTI and Zomax deny the allegations contained in Paragraph 28.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and, therefore, deny them.

29.     ADS admits that Mr. Hardwick is the CEO of ADS and acts in that capacity, but denies the remaining allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and, therefore, deny them.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and, therefore, deny them.

31.    ADS and Mr. Lagotte admit that he is the Executive Chairman of ADS and is a member of its Management Committee, and acts in those capacities, but deny the remaining allegations contained in Paragraph 31.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and, therefore, deny them.

32.    Mr. Lagotte denies the allegations contained in Paragraph 32.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and, therefore, deny them.

33.    Hudson Valley denies the allegations contained in Paragraph 33.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and, therefore, deny them.

34.    Hudson Valley denies the allegations contained in Paragraph 34.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and, therefore, deny them.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and, therefore, deny them.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and, therefore, deny them.

37.    Mr. Khurana admits the allegations contained in Paragraph 37.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and, therefore, deny them.

38.     Mr. Khurana denies the allegations contained in Paragraph 38.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and, therefore, deny them.

39.     Mr. Silvon admits the allegations contained in Paragraph 39.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and, therefore, deny them.

40.     Mr. Silvon denies the allegations contained in Paragraph 40.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and, therefore, deny them.

41.     ComVest denies the allegations contained in Paragraph 41.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and, therefore, deny them.

42.     Comvest denies the allegations contained in Paragraph 42.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and, therefore, deny them.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and, therefore, deny them.

44.     Defendants deny the allegations contained in Paragraph 44.

45.     Defendants deny the allegations contained in Paragraph 45.

46.     Defendants deny the allegations contained in Paragraph 46.

## FACTS RELATED TO PHILIPS

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, deny them.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, deny them.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, deny them.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, deny them.

51.    Defendants admit that Philips has elected to so classify the systems in the complaint.

52.    Defendants admit Exhibit A to the Amended Complaint is a purported copy of the '846 patent but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and, therefore, deny them, and specifically deny that the '846 was duly and legally issued after full and fair examination or that it is valid and subsisting.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, deny them.

## FACTS RELATED TO THE REPLICATOR DEFENDANTS

54.    ADS states that the referenced Agreements speak for themselves, and denies the remaining allegations contained in Paragraph 54.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and, therefore, deny them.

55.    AMI denies the allegations contained in numbered Paragraph 55.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and, therefore, deny them.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and, therefore, deny them.

57.    MTI and Metatec state that Exhibit L speaks for itself, and deny the remaining allegations contained in Paragraph 57. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and, therefore, deny them.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and, therefore, deny them.

59.    Zomax denies the allegations contained in Paragraph 59.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and, therefore, deny them.

60.    Defendants admit that Philips has elected to so classify the agreements in the complaint.

61.    MTI, Metatec, Zomax and Inoveris state that the MTI Agreement speaks for itself.  The remaining allegations contained in Paragraph 61 are legal conclusions to which no response is required.  To the extent a response is required, MTI, Metatec, Zomax and Inoveris deny the allegations contained in Paragraph 61.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and, therefore, deny them.

62.    ADS, AMI, Metatec and Zomax state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 62.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and, therefore, deny them.

63.    ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 63. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and, therefore, deny them.

64.    ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 64. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and, therefore, deny them.

65.    ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 65. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and, therefore, deny them.

66.    Zomax states that the referenced Agreement speaks for itself, and deny the remaining allegations contained in Paragraph 66. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and, therefore, deny them.

67.    Zomax states that the referenced Agreement speaks for itself, and deny the remaining allegations contained in Paragraph 67. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and, therefore, deny them.

68.    ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 68. The remaining

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and, therefore, deny them.

69.     ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 69.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and, therefore, deny them.

70.     ADS, AMI, Metatec and Zomax state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 70.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and, therefore, deny them.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, deny them.71

72.     Defendants deny the allegations contained in Paragraph 72.

73.     ADS admits that it has made payments, but denies the remaining allegations contained in Paragraph 73. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and, therefore, deny them.

74.     ADS, AMI, Metatec and Zomax state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 74.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and, therefore, deny them.

75.     ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 75.  The remaining

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and, therefore, deny them.

76.     Defendants deny the allegations contained in Paragraph 76.

77.     Zomax states that the referenced Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 77.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and, therefore, deny them.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, deny them.

79.     ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 79. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and, therefore, deny them.

80.     ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 80.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, and, therefore, deny them.

81.     ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 81.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and, therefore, deny them.

82.     ADS, AMI and Metatec state that the referenced Agreements speak for themselves, and deny the remaining allegations contained in Paragraph 82.  The remaining

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and, therefore, deny them.

## **FACTS RELATING TO BREACH OF CONTRACT CLAIM**

83.    ADS, AMI, Metatec and Zomax deny the allegations contained in Paragraph 83. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and, therefore, deny them.

84.    ADS, AMI, Metatec and Zomax deny the allegations contained in Paragraph 84. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and, therefore, deny them.

85.    Defendants deny the allegations contained in Paragraph 85.

86.    ADS, AMI, Metatec and Zomax admit that they have made payments, but deny the remaining allegations contained in Paragraph 86. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86, and, therefore, deny them.

87.    Defendants deny the allegations contained in Paragraph 87.

88.    Defendants deny the allegations contained in Paragraph 88.

89.    Defendants admit that CD-Discs they make are sold in the United States but deny the remaining allegations contained in Paragraph 89.

90.    Defendants deny the allegations contained in Paragraph 90.

91.    Defendants deny the allegations contained in Paragraph 91.

92.    AMI denies the allegations contained in Paragraph 92.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, deny them.

93.    ADS denies the allegations contained in Paragraph 93.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, deny them.

94.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, deny them.

### FACTS RELATING TO PATENT INFRINGEMENT CLAIM

95.    Defendants deny the allegations contained in Paragraph 95.

96.    The allegations contained in Paragraph 96 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 96.

97.    Defendants deny the allegations contained in Paragraph 97.

98.    ADS admits that Mr. Hardwick is the CEO of ADS and acts in that capacity, but denies the remaining allegations contained in Paragraph 98.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, deny them.

99.    ADS denies that Mr. Hardwick is the alter ego of ADS, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 and, therefore, denies them.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, deny them.

100.    ADS and Mr. Lagotte admit that he is the Executive Chairman of ADS and is a member of its Management Committee, and acts in those capacities, but deny the remaining allegations contained in Paragraph 100.    The remaining Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, deny them.

101.   Mr. Lagotte denies the allegations contained in Paragraph 101.  ADS denies that Mr. Lagotte is the alter ego of ADS, but lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and, therefore, denies them.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, deny them.

102.   Hudson Valley denies the allegations contained in Paragraph 102.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, deny them.

103.   Hudson Valley denies the allegations contained in Paragraph 103.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, deny them.

104.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, deny them.

105.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, deny them.

106.   Mr. Khurana denies the allegations contained in Paragraph 106.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and, therefore, deny them.

107.   Mr. Khurana denies the allegations contained in Paragraph 107.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, deny them.

108.    Mr. Silvon denies the allegations contained in Paragraph 108.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, deny them.

109.    Mr. Silvon denies the allegations contained in Paragraph 109.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, deny them.

110.    ComVest denies the allegations contained in Paragraph 110.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, deny them.

111.    ComVest denies the allegations contained in Paragraph 111.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, deny them.

112.    ADS denies the allegations contained in Paragraph 112.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, and, therefore, deny them.

113.    The allegations contained in Paragraph 113 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 113.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, deny them.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, deny them.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, deny them.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and, therefore, deny them.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, deny them.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 and, therefore, deny them.

120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, deny them.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, deny them.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and, therefore, deny them.

## FACTS RELATED TO CONSTRUCTIVE TRUST CLAIM

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, deny them.

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, deny them.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, deny them.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, deny them.

**COUNT I**
**BREACH OF CONTRACT**

127.    Defendants repeat and reassert all responses to Paragraphs 1 through 126 as if they were stated in full herein.

128.    The allegations contained in Paragraph 128 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 128.

129.    The allegations contained in Paragraph 129 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 129.

130.    ADS, AMI ComVest, Hudson Valley, Inoveris, Metatec, MTI and Zomax deny the allegations contained in Paragraph 130.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and, therefore, deny them.

131.    ADS, AMI ComVest, Hudson Valley, Inoveris, Metatec, MTI and Zomax deny the allegations contained in Paragraph 131.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, and, therefore, deny them.

132.    Messrs. Khurana, Lagotte and Silvon and Hudson Valley and ComVest deny the allegations contained in Paragraph 132.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and, therefore, deny them.

133.    ADS, AMI ComVest, Hudson Valley, Inoveris, Metatec, MTI and Zomax deny the allegations contained in Paragraph 133.  The remaining Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and, therefore, deny them.

134.    ADS, AMI ComVest, Hudson Valley, Inoveris, Metatec, MTI and Zomax deny the allegations contained in Paragraph 134.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and, therefore, deny them.

135.    The allegations contained in Paragraph 135 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 135.

136.    The allegations contained in Paragraph 136 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 136.

137.    The allegations contained in Paragraph 137 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 137.

138.    ADS denies the allegations contained in Paragraph 138.   The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and, therefore, deny them.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, and, therefore, deny them.

140.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, and, therefore, deny them.

141.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141, and, therefore, deny them.

142.    ADS, AMI ComVest, Hudson Valley, Inoveris, Metatec, MTI and Zomax deny the allegations contained in Paragraph 142.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and, therefore, deny them.

143.    Defendants deny the allegations contained in Paragraph 143.

## COUNT II
## PATENT INFRINGEMENT

144.    Defendants repeat and reassert all responses to Paragraphs 1 through 143 as if they were stated in full herein.

145.    Defendants deny the allegations contained in Paragraph 145.

146.    ADS denies the allegations contained in Paragraph 146.    The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, and, therefore, deny them.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, and, therefore deny them.

148.    Defendants admit that 35 U.S.C. §282 states that a patent shall be presumed valid, but deny the remaining allegations contained in Paragraph 148.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149, and, therefore deny them.

150.    Defendants admit that public records show that a Reexamination Request for the '846 patent was filed in the Patent Office on December 8, 2004 and that Exhibit S to the

Amended Complaint purports to be a copy of a Reexamination Certificate but denies the allegations contained in Paragraph 150.

151.    Defendants deny the allegations contained in Paragraph 151.

152.    Defendants deny the allegations contained in Paragraph 152.

153.    Defendants deny the allegations contained in Paragraph 153.

**COUNT III**
**CONSTRUTIVE TRUST**
**ASSERTED AGAINST EVA-TONE AND MUSIC CITY**

154.    Defendants repeat and reassert all responses to Paragraphs 1 through 153 as if they were stated in full herein.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and, therefore deny them.

156.    Defendants lack knowledge or 156 sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, and, therefore deny them.

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157, and, therefore deny them.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158, and, therefore deny them.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159, and, therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants have not directly or contributorily infringed any claim of the patent-in-suit, nor have they induced others to infringe the patent-in-suit.

### SECOND AFFIRMATIVE DEFENSE

The patent-in-suit is unenforceable due to Philips' patent misuse, prosecution laches, and inequitable conduct, namely, Philips' intentional failure to timely inform the Patent Examiner of material prior art and other information known to Philips, including by Philips abandoning an allowed patent application in favor of a continuing patent application with the same claims, and by Philips submitting prior art in a reexamination proceeding in a manner ensuring that the Patent Office would not consider it on the merits.

### THIRD AFFIRMATIVE DEFENSE

The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs are barred by waiver.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs suffered damages as alleged, plaintiffs failed to mitigate such damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff U.S. Philips Corporation lacks standing to assert breach of contract claims because it is not the licensing entity, and plaintiff Koninklijke Philips Electronics N.V. lacks standing to assert patent infringement or contract claims under the '846 patent because it does not own the licensed patent and is not an exclusive licensee thereof.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim on which relief may be granted against one or more defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Philips is estopped to construe the claims to of the '846 Patent to cover any products made, used, sold, offered for sale or imported by Defendants because of statements, amendments, or actions taken during the prosecution of the '846 Patent.

## TWELVTH AFFIRMATIVE DEFENSE

The claims of the '846 Patent cannot be construed to cover any product made, used, sold, offered for sale or imported by Defendants and avoid the prior art.

## THIRTEENTH AFFIRMATIVE DEFENSE

Philips is not entitled to an injunction or any other equitable remedy because it has an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Philips' causes of action and claims for damages and other relief are barred, in whole or in part, by applicable contractual and statutory limitations periods.

## COUNTERCLAIMS

Defendants counterclaim against Philips as follows:

## EXISTENCE OF ACTUAL CONTROVERSY

1.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202.

2.      An actual justiciable controversy, as set forth in this counterclaim, exists between Defendants and Philips concerning the validity, enforceability and infringement of the patent-in-suit.

## THE PARTIES

3.      Plaintiff-in-Counterclaim, Advanced Duplication Services, LLC ("ADS") is a limited liability company organized under the laws of Delaware with a place of business at 2155 Niagara Lane North, Plymouth, Minnesota.

4.      Plaintiff-in-Counterclaim, American Media International, Ltd. ("AMI") is a company organized under the laws of North Carolina with a place of business at 2609 Tucker Street, Burlington, North Carolina.

5.      Plaintiff-in-Counterclaim, Inoveris LLC ("Inoveris") is a limited liability company organized under the laws of Delaware with a place of business at 7001 Discovery Blvd., Dublin Ohio.

6.      Plaintiff-in-Counterclaim, Metatec International, Inc. ("Metatec") is a non-existent entity that is expected to be dismissed from this action.  It was formerly a corporation organized under the laws of Florida with a place of business at 7001 Metatec Boulevard, Dublin, Ohio.

7.     Plaintiff-in-Counterclaim, MTI Acquisition, LLC ("MTI") is a non-existent entity that is expected to be dismissed from this action.  It was formerly a limited liability company organized under the laws of Ohio with a registered agent at KMK Service Corp., 1400 Provident Toer, Cincinnati, Ohio.

8.     Plaintiff-in-Counterclaim, Zomax Incorporated ("Zomax") is a corporation organized under the laws of Minnesota with a place of business at 5353 Nathan Lane, Plymouth, Minnesota.

9.     ADS, AMI, Inoveris, Metatec, MTI and Zomax are collectively referred to as Plaintiffs-in-Counterclaim.

10.     Upon information and belief, Defendant-in-Counterclaim Koninklijke Philips Electronics N.V. is a corporation organized under the laws of The Netherlands with a place of business in Amsterdam, the Netherlands.

11.     Upon information and belief, Defendant-in-Counterclaim U.S. Philips Corporation is a corporation organized under the laws of Delaware with places of business at 1251 Avenue of the Americas, New York, New York, and at 345 Scarborough Rd., Briarcliff Manor, New York.  Defendants-in-Counterclaim Koninklijke Philips Electronics N.V. and U.S. Philips Corporation are collectively referred to as "Philips."

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over Plaintiffs-in-Counterclaim and Philips, and over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and under the doctrines of pendent and supplemental jurisdiction.

13.     By filing its Complaint, Philips has consented to the personal jurisdiction of this Court.

14.    By filing its Complaint, Philips has consented to this Venue.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

15.    Plaintiffs-in-Counterclaim repeat and reassert all allegations in the paragraphs above as if they were stated in full herein.

16.    Plaintiffs-in-Counterclaim have not infringed, nor do they now infringe, any claim of the patent-in-suit.

17.    Plaintiffs-in-Counterclaim have not induced, nor do they now induce, infringement of any claim of the patent-in-suit.

18.    Plaintiffs-in-Counterclaim have not contributorily infringed, nor do they now contributorily infringe, any claim of the patent-in-suit.

19.    Plaintiffs-in-Counterclaim are entitled to a declaratory judgment that they have not directly, contributorily, or by inducement, infringed any claim of the patent-in-suit.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY)

20.    Plaintiffs-in-Counterclaim repeat and reassert all allegations in the paragraphs above as if they were stated in full herein.

21.    The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

22.    On information and belief, Philips repeatedly delayed issuance of the '846 patent by unreasonable and unexplained delays in the prosecution of the chain of continuing patent applications commencing with the initial filing in 1973 culminating in the issuance of the patent in 1991 and an Ex Parte Reexamination Certificate in 2006, making the patent unenforceable because of prosecution laches.

23.    On information and belief, Philips unreasonably delayed submitting prior art to the Patent Examiner, or withheld prior art from the Patent Examiner, making it impractical or impossible for the Patent Examiner to fully consider such prior art and thereby rendering the '846 patent unenforceable.

24.    Plaintiffs-in-Counterclaim are entitled to a declaratory judgment that the patent-in-suit is invalid and unenforceable.

## COUNT III
## (DECLARATORY JUDGMENT OF PATENT MISUSE)

25.    Plaintiffs-in-Counterclaim repeat and reassert all allegations in the paragraph above as if they were stated in full herein.

26.    On information and belief, in the early 1980's plaintiff Philips N.V. promulgated Standard Specifications for pre-recorded CD-Discs ("CDs") and has modified them over the years.

27.    Plaintiff Philips N.V. extended to Plaintiffs-in-Counterclaim licenses under a pool of patents that purportedly were "essential" for making CDs ("the Licenses"), falsely representing therein that Philips N.V. owns certain of the pooled patents ("the Philips Patents"), including the `846 Patent, when in fact the Philips Patents were not owned by plaintiff Philips N.V.

28.    Plaintiffs-in-Counterclaim paid royalties under the pool Licenses with Philips N.V. for CDs made by Plaintiffs-in-Counterclaim.

29.    By 2005, all Philips Patents purportedly "essential" for the types of CDs described as CD-Audio, CD-ROM Mode 1, and CD-ROM Mode 2 made by Plaintiffs-in-Counterclaim ("the CD types at issue") had expired, except for the `846 Patent, which expires on

November 26, 2008, and U.S. Patent 5,305,301 (the "'301 Patent"), which is not asserted in this action and which expires on a later date.

30.     By 2005, an alternative economically viable and practicable method of making the CD types at issue existed which did not require the `846 Patent and the '301 Patent, establishing that the '846 Patent and the '301 Patent are not "essential."   Plaintiffs-in-Counterclaim practiced this alternative method to make the CD types at issue and stopped paying royalties under the `846 Patent and the '301 Patent because it was not practicing the `846 Patent and the '301 Patent.

31.     Plaintiffs-in-Counterclaim continued and still continues to pay U.S. Philips royalties under the Philips N.V. Licenses for the CDs that it makes other than the CD types at issue.

32.     As a result of the Plaintiffs-in-Counterclaim's discontinuing to pay royalties under the `846 Patent, plaintiffs instituted a wrongful plan, particularly directed to the Plaintiffs-in-Counterclaim's customers, by which an alleged non-entity agent, Philips Intellectual Property & Standards ("Philips IPS"), falsely represented that the '846 Patent is "essential" in order to make any CD, including the CD types at issue.

33.     As a purported non-entity agent Philips IPS has at various times been represented by one William Lenihan, who identified himself as a "Director." Alleged non-entity Philips IPS has also been represented on Philips IPS letterhead by one Christopher Horgan, whose title is unknown, but who purports to perform Anti-Piracy Investigations for Philips IPS. Mr. Horgan's email address is "Chris.Horgan@Philips.com."  At various times, Philips IPS stationary indicates it is affiliated at least with one Philips Electronics North America Corporation in Briarcliff Manor, N.Y., or with an unnamed entity located in San Jose, CA.

34.     As a part of plaintiffs' deceptive plan directed at the Plaintiffs-in-Counterclaim's customers, Philips IPS has sought royalties from the Plaintiffs-in-Counterclaim's actual or potential customers under the `846 Patent, a patent it could not own as a purported non-entity, for sales of the CD types at issue.   As a purported non-entity Philips IPS has threatened the Plaintiffs-in-Counterclaim's actual or potential customers with infringement lawsuits and resulting damages for infringement of the `846 Patent, under which it has no rights, if royalties are not paid by Plaintiffs-in-Counterclaim or by the targeted Plaintiffs-in-Counterclaim's actual or potential customers on sales of the CD types at issue made by Plaintiffs-in-Counterclaim, and has attempted to divert an actual or potential customer of the Plaintiffs-in-Counterclaim to another supplier of CDs.

35.     On information and belief, a part of plaintiffs' wrongful plan was to utilize the alleged non-entity Philips IPS to make false statements and threats based on false statements in order to protect the plaintiffs from potential liability for such false statements, making threats with which it could not itself comply, and engaging in other improper and unfair behavior designed to disrupt the Plaintiffs-in-Counterclaim's market for the CD types at issue.

36.     Plaintiffs have refused to reveal the structure of Philips IPS.

37.     On information and belief, plaintiffs acting together as part of their wrongful plan control or direct the activities of Philips IPS relevant to this action.

38.     The '846 Patent and the '301 Patent are not "essential" for the CD types at issue and do not cover those products.

39.     Plaintiffs-in-Counterclaim do not owe royalties for the manufacture and sale of the CD types at issue.

40.     The effect of plaintiffs' wrongful behavior is to restrain competition in the market of the CD types at issue by diverting actual or potential customers of the Plaintiffs-in-Counterclaim to other suppliers on false pretenses, with the intention of putting Plaintiffs-in-Counterclaim out of the business of making and selling the CD types at issue.

41.     Philips has misused the '846 Patent by promulgating Standard Specifications for pre-recorded CDs and wrongfully and anti-competitively seeking to impose mandatory licensing of the `846 Patent and the '301 Patent through knowing intimidation of the Plaintiffs-in-Counterclaim's customers by falsely representing that the `846 Patent and the '301 Patent are "essential" to enable customers to meet the Standard Specifications and threatening ruinous litigation if back and future royalties are not paid.   Such actions seek improperly to extend the temporal monopoly for the CD types at issue that U.S. Philips claimed for the expired Philips and other patents from the original package license.

42.     Philips has further misused the `846 Patent and the '301 Patent by falsely representing to Plaintiffs-in-Counterclaim customers that royalties are due to Philips under those patents for all types of CDs, thereby further seeking to extend the monopoly U.S. Philips claimed for the expired Philips and other patents from the original package license.

43.     Philips has misused the '846 Patent by falsely representing that royalties are due to U.S. Philips on all CDs for another Philips Patent (U.S. Patent 5,790,512) that admittedly has no relevance to the CD type at issue, including in a letter to Eagles Recording Company ("Eagles") dated January 31, 2008 and in an email to H&R Block dated February 13, 2008.

44.     Philips has further misused the `846 Patent by seeking falsely to extend the temporal monopoly U.S. Philips claimed for the expired Philips Patents from the original package license by alleging to actual or potential customers of Plaintiffs-in-Counterclaim,

including Eagles and H&R Block, that Plaintiffs-in-Counterclaim does not pay royalties for CDs and as a result the customers must pay such royalties on all CDs manufactured and sold by them in the past and in the future.

45.    On information and belief, these acts of Philips were with knowledge of the business relationships of Plaintiffs-in-Counterclaim and their actual or potential customers, with intent to harm those business relationships and Plaintiffs-in-Counterclaim's good will, and with intent to interfere with those business relationships, with malice or unfair or improper means, with intent to wrongfully extend the purported patent monopoly of the Philips and other patents in the original package license that had expired, and have harmed Plaintiffs-in-Counterclaim in its relationship with said customers and in its good will.

46.    The '846 Patent is unenforceable based on Philips' misuse of this patent and Plaintiffs-in-Counterclaim is entitled to a declaration as such.

### COUNT IV
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

47.    Plaintiffs-in-Counterclaim repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

48.    Plaintiffs know that Eagles Recording Company in Chantilly, VA. ("Eagles") is a customer for CDs of the types at issue made by Plaintiffs-in-Counterclaim.

49.    On January 31, 2008, Philips Intellectual Property & Standards ("Philips IPS") sent a letter to Eagles, which act on information and belief was directed by plaintiffs.

50.    Philips IPS is purported by plaintiffs to be a non-entity without any existence or property and, on information and belief, plaintiffs have been acting in the name of Philips IPS as part of a wrongful and deceptive plan to collect royalties for patents that are not being practiced.

51.     The January 31 letter from Philips IPS to Eagles states that plaintiffs administer a "worldwide joint licensing program for essential patents…"   The letter went on to say that "Every CD, CD-R/RW, DVD, DVR/RW and player and disc made, used, offered for sale, sold or imported into the United States or Canada is covered by…" the patents contained in an attached list of "essential" patents. The letter falsely states that U.S. Patent Nos. 5,790,512 ("`512 Patent") and 5,068,846 ("`846 Patent") were "essential" patents for the manufacture of CDs, including the CD types at issue, and were infringed by unlicensed sellers. Since Eagles is an actual or potential customer of Plaintiffs-in-Counterclaim, a false and misleading representation in the letter was that CDs of the types offered by Plaintiffs-in-Counterclaim infringe the `512 and `846 Patents.

52.     Plaintiffs knew that the `512 Patent does not relate to the CDs at issue and therefore the `512 Patent was not infringed by either Plaintiffs-in-Counterclaim or Eagles. According to material published or caused to be published by Philips, the `512 Patent does not apply to CDs of the type that Eagles had purchased from a subsidiary of Cinram International Inc. (Head Office), 2255 Markham Road, Toronto, Ontario, Canada, M1B 2W3, another CD replicator utilizing the same noninfringing manufacturing inovations as Plaintiffs-in-Counterclaim.

53.     On information and belief, Philips also knows that the `846 Patent is not an "essential" patent for making all CDs. Thus, the false and misleading statements to Eagles that selling [Cinram's] CDs by Eagles is an infringement of these two patents were designed to harm and disrupt Plaintiffs-in-Counterclaim's business relationship with Eagles and Plaintiff's-in-Counterclaim's good will.

54.     Plaintiffs-in-Counterclaim are licensed according to the Complaint and are known by plaintiffs to be licensed to make, use and sell CDs and therefore the implication that Plaintiffs-in-Counterclaim are unlicensed is false and misleading and designed to harm and disrupt Plaintiffs-in-Counterclaim's business relationship with actual and potential customers and Plaintiffs-in-Counterclaim's good will.

55.     The letter also falsely implies that Plaintiffs-in-Counterclaim do not pay royalties for CDs it produces and that Eagles is therefore liable for infringement of "patents belonging to Philips and others." Philips knows that Plaintiffs-in-Counterclaim do pay royalties for CDs it produces, and that Eagles does not infringe "patents belonging to Philips and others" by purchasing or considering for purchase the CDs at issue from Plaintiffs-in-Counterclaim. This statement in the January 31 letter to Eagles is misleading and intended by plaintiffs to harm and disrupt Plaintiffs-in-Counterclaim's business relationship with actual or potential customers by frightening them into changing its supplier for CDs with anticompetitive effect and harming Plaintiffs-in-Counterclaim's good will.

56.     On February 13, 2008, Philips on information and belief caused Philips IPS to send an email communication to H&R Block, a purchaser or potential purchaser of CDs made by Plaintiffs-in-Counterclaim. This email misleadingly alleges that all of the CDs purchased by H&R Block went unreported and unpaid, when in fact CDs made by Plaintiffs-in-Counterclaim other than the CD types at issue were both reported and paid for. In addition, Philips improperly attempted to divert H&R Block to another supplier of CD Discs based on the allegations made in its February 13 letter.

57.     On April 30, 2008, on information and belief, plaintiffs caused Philips IPS to send a letter to Digital Excellence LLC, stating that Philips N.V. and U.S. Philips own essential

patents on, among other things, all types of CDs and DVDs. The letter asserts that licensed manufacturers of CDs are identified on a publicly available Licensee Database.

58.    Many purchasers and distributors of CDs refer to the mentioned Licensee Database in selecting a supplier of CDs.

59.    The letter states that manufacturers who have breached their license have been removed from the Licensee Database.

60.    Plaintiffs-in-Counterclaim are and remain licensed suppliers of CDs according to the Amended Complaint.  Philips has wrongfully and unfairly removed ADS, Inoveris, Metatec, MTI and Zomax from that Database and ADS, Inoveris, Metatec, MTI and Zomax have thereby been prejudiced in their business and customer relationships and their good will.  ADS, Inoveris, Metatec, MTI and Zomax were deliberately removed to harm ADS, Inoveris, Metatec, MTI and Zomax in conducting their business in making and selling CDs and in their good will.

61.    On information and belief, plaintiffs acting in concert under the name of Philips IPS caused the statements in the January 31 and February 13, 2008 letters and communications to be made and caused the acts revealed in the April 30, 2008 letter to be made knowing that these statements were false and misleading and that the acts undertaken were intentionally prejudicial to Plaintiffs-in-Counterclaim.  On information and belief, plaintiffs caused these statements to be made with the sole purpose of harming Plaintiffs-in-Counterclaim.  As a direct result of the knowingly false and misleading allegations caused by plaintiffs to be made, Plaintiffs-in-Counterclaim's business relationship with their customers and Plaintiffs-in-Counterclaim's good will have been harmed causing Plaintiffs-in-Counterclaim damages of a currently unknown amount.

62.    Plaintiffs have tortiously interfered with Plaintiffs-in-Counterclaim's business relationships, and Plaintiffs-in-Counterclaim is entitled to a declaration as such, along with monetary and injunctive relief.

## COUNT V
## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

63.    ADS, Inoveris, Metatec, MTI and Zomax repeat and reassert all allegations in the paragraphs above as if they were stated in full herein.

64.    On information and belief, plaintiff Philips N.V. and/or plaintiff U.S. Philips have caused a list of companies to be published on a website identified with Philips N.V., together with threats against customers who may consider buying CDs from companies not on the list.

65.    On information and belief, ADS's, Inoveris's, Metatec's, MTI's and Zomax's existing and prospective customers periodically check the website to confirm that Plaintiffs-in-Counterclaim are not absent from that list.

66.    On information and belief, as of at least April 3, 2008, Philips N.V. and/or U.S. Philips caused ADS, Inoveris, Metatec, MTI and Zomax to be removed from the list.

67.    On information and belief, one or both of Philips N.V. and U.S. Philips caused this change in the list to be made with the sole purpose of harming ADS, Inoveris, Metatec, MTI and Zomax.  As a direct result of such change, ADS's, Inoveris's, Metatec's, MTI's and Zomax's business relationship with their customers and ADS's, Inoveris's, Metatec's, MTI's and Zomax's good will have been harmed, causing ADS, Inoveris, Metatec, MTI and Zomax damages of a currently unknown amount.

68.    One or both of Philips N.V. and U.S. Philips have tortiously interfered with ADS's, Inoveris's, Metatec's, MTI's and Zomax's business relationships, and ADS, Inoveris,

Metatec, MTI and Zomax is entitled to a declaration as such, along with monetary and injunctive relief.

## EXCEPTIONAL CASE

69.     This is an exceptional case entitling Plaintiffs-in-Counterclaim to an award of their attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. §285, as a result of, inter alia, Philips' assertion of the '846 patent against Plaintiffs-in-Counterclaim with the knowledge that the '846 patent is not infringed and/or is invalid.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs-in-Counterclaim respectfully request that:

1.     The First Amended Complaint be dismissed with prejudice as to Plaintiffs-in-Counterclaim and Plaintiffs-in-Counterclaim be awarded their costs for this action;

2.     Judgment be entered declaring that the patent-in-suit is not infringed by Plaintiffs-in-Counterclaim and is invalid and unenforceable;

3.     Judgment be entered declaring that Plaintiffs-in-Counterclaim have not contributorily infringed the patent-in-suit, and have not induced others to infringe the patent-in-suit;

4.     Judgment be entered declaring that Philips has tortiously interfered with Plaintiffs-in-Counterclaim's business relationships and Plaintiffs-in-Counterclaim be awarded damages as well as an injunction prohibiting Philips from sending further false and misleading communications to Plaintiffs-in-Counterclaim's customers.

5.    Judgment be entered declaring that one or both of Philips N.V. and U.S. Philips IPS have tortiously interfered with Plaintiffs-in-Counterclaim's business relationships and Plaintiffs-in-Counterclaim be awarded damages as well as an injunction prohibiting such interference.

6.    Judgment be entered declaring this to be an exceptional case under 35 U.S.C. §285, and Plaintiffs-in-Counterclaim be awarded their attorneys' fees and expert fees incurred for defending this action and prosecuting their counterclaim; and

7.    Plaintiffs-in-Counterclaim be granted such other relief as the Court deems just and proper.

## **JURY TRIAL**

Defendants request a jury trial on all their claims.

Dated: June 26, 2008                          Respectfully submitted,

 s/ Ivan Kavrukov
Ivan Kavrukov
William E. Pelton
Tonia A. Sayour
Gregory J. Carbo
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
Tel:  (212) 278-0400
Fax:  (212) 391-7550
ikavrukov@cooperdunham.com
gcarbo@cooperdunham.com

Attorneys for Defendants The ADS Group, American Media International, Ltd., The ComVest Group, Hal Leonard Corp., Hudson Valley Capital Partners, Inc., Inoveris LLC, Metatec International, Inc., MTI Acquisition, LLC, Zomax Incorporated, Arun Khurana, Jean A. Lagotte Jr., and David A. Silvon.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of June, 2008, I electronically filed the foregoing

ANSWER AND COUNTERCLAIM with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to the following:

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
wjohnson@mayerbrown.com

Vince P. Kovalick
John F. Hornick
Samuel C. Bass
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
vince.kovalick@finnegan.com
John.Hornick@finnegan.com
Samuel.Bass@finnegan.com

Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
choupt@mayerbrown.com

   s/ Ivan Kavrukov
Ivan Kavrukov