IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | |
| Plaintiffs, | Civil Action No.08-cv-4068 (CLB) |
| v. | ECF Case |
| THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR., an individual; JOHN EDGAR MOLL, an individual, JOHN STEVEN MOLL, an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100 | |
| Defendants and Counterclaim Plaintiffs. | |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PATENT INFRINGEMENT CLAIMS AGAINST CUSTOMERS**

In response to the First Amended Complaint, filed by plaintiffs Koninklijke Philips Electronics, N.V.'s and U.S. Philips Corporation's (collectively referred to as "Philips"), on June 10, 2008, defendants Carbonite Inc. ("Carbonite"), Hal Leonard Corp. ("Hal Leonard") and Intuit Inc. ("Intuit") (hereinafter collectively referred to as "the Customers") hereby jointly submit the following memorandum of law in support of their motion to dismiss Count II of the Amended Complaint, for failure to state a claim for relief.  Rule 12(b)(6), Fed. R. Civ. P.[1] Plaintiffs' second Count purportedly stating a claim for patent infringement against the Customers cannot be maintained as a matter of law where the Customers have purchased the alleged infringing products from licensed manufacturers.  As a result, the Customers respectfully request that the second Count of the First Amended Complaint be dismissed in its entirety.

## I.    BACKGROUND

On April 30, 2008, Philips filed its complaint alleging breach of contract, patent infringement of U.S. Patent No. 5,068,846 ("the '846 Patent") and a constructive trust against Defendants.[2]  (Dkt#1).  On June 10, 2008, prior to any response from Defendants, Philips filed its First Amended Complaint which changed U.S. Philips Corporation's address, dropped Malaco Entertainment LLC as a party and added Concord Records, Inc. as a defendant. (Dkt#20). The alleged patent infringement claims against defendants, including the Customers, remained the same.  (Dkt#1 & 20).  Of relevance to this motion is Count II, which alleges that the Customers have infringed the '846 Patent (First Amended Complaint, ¶ 145).

---

[1] The parties stipulated that defendants would have until June 26, 2008 to answer or otherwise move in response to the Amended Complaint.

[2] The breach of contract claim (Count I) is against all defendants, except customers.  The constructive trust claim (Count III) is only against defendants Eva-tone, Inc. and Music City Optical Media, Inc.

According to the First Amended Complaint, Customer Hal Leonard purchases CDs from Defendant The ADS Group a/k/a Advanced Duplication Services LLC ("ADS") and Customers Carbonite and Intuit purchase CDs from Defendant Zomax Incorporated ("Zomax"). Also according to the Amended Complaint, ADS and Zomax have entered into a "CD Disc Patent License Agreement" with Philips on July 1, 2002 ("ADS Agreement") and October 1, 2003 ("Zomax Agreement"), respectively. (First Amended Complaint, Exhibits B and Q).

In Paragraph 128 of the First Amended Complaint, Philips states that the ADS Agreement and the Zomax Agreement are "valid and subsisting agreements under New York law." (First Amended Complaint, ¶ 128).

## II.   ARGUMENT

### A.  The Applicable Standard

Pursuant to Rule 12(b)(6), a court should dismiss a claim if Plaintiff "can prove no set of facts, consistent with its complaint, that would entitle it to relief." *Electronics Communications Corp. v. Toshiba Am. Consumer Prods.*, 129 F.3d 240, 243 (2d Cir. 1997). As the Second Circuit recently explained, in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the Court must accept "all factual allegations in the complaint and [draw] all reasonable inferences in the plaintiff's favor. *ATSI Communs. Inc. v. Shaar Fund, Ltd*, 493 F.3d 87, 98 (2d Cir. 2007). However, the allegations found in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Ultimately, a court should dismiss a complaint for failure to state a claim when the complaint fails to include "plausible grounds" for relief. Id.

> B. **Philips' Patent Infringement Claim Against Customers Should Be Dismissed Because According to the First Amended Complaint A Valid License Agreement Exists Between Philips And ADS and Zomax And Philips' Patent Rights Were Exhausted Once It Authorized ADS And Zomax To Sell CDs To Customers**

Philips has failed to state plausible grounds for relief on its patent infringement claims against the Customers because according to the First Amended Complaint a valid license agreement exists between Philips and ADS on one hand, and Philips and Zomax on the other, with respect to the patent-in-suit. *See* (First Amended Complaint, ¶128). A license provides a complete defense to Philips' infringement claims against the Customers under the doctrine of patent exhaustion.

The doctrine of patent exhaustion precludes a patent owner from asserting patent rights against subsequent purchasers of authorized goods. *See Quanta Computer, Inc. v. LG Electronics, Inc.,* 553 U.S. __ (June 9, 2008) (Slip Opinion attached as Exhibit 1).

In *Quanta*, the patent owner, LG Electronics, Inc. ("LGE"), licensed a patent portfolio to Intel Corporation ("Intel"), which authorized Intel to manufacture and sell products (microprocessors and chipsets) that use the LGE patents. Id. at 3. Quanta was a customer of Intel who purchased the authorized products from Intel, and then combined them with non-Intel components to make computers. Id. at 4. LGE subsequently sued Quanta for patent infringement. In a unanimous opinion, the Supreme Court held that LGE's patent rights were exhausted when it authorized Intel to sell the products which embody the LGE patents, whose only reasonable and intended use was to practice the patent[s]."[3] Id. at 12. The Court held that

---

[3] The Court noted that, notwithstanding the requirement in the agreement to notify its customers that combinations of licensed products with non-Intel components to make new products were not licensed by LGE, there was nothing in the LGE/Intel agreement which restricted Intel's right to sell the patented products. Id. at 17. The Court also found that it was irrelevant that LGE expressly disclaimed any license to Intel's customers because "exhaustion turns only on Intel's

the sale of the patented product by Intel to Quanta was an authorized sale and that "Intel's authorized sale to Quanta thus took its products outside the scope of the patent monopoly, and as a result, LGE can no longer assert its patent rights against Quanta." *Id.* at 19.

The same result follows here, and bars Philips' claims against the Customers. Specifically, Philips' statement in the Amended Complaint that the Zomax and ADS Agreements are valid and subsisting is an admission that ADS and Zomax are authorized to sell CDs to their customers.[4] (First Amended Complaint, ¶ 128). As in *Quanta*, there was nothing in the Zomax or ADS Agreements which restricted Zomax' or ADS' sale of CDs. Zomax' and ADS' right to sell was unconditional, and indeed, was expressly provided for in both agreements. Because Philips authorized Zomax and ADS to sell CDs which allegedly embody the patent-in-suit and which were sold by Zomax and ADS to Customers, Philips is now prevented "from further asserting its patent rights with respect to the patents substantially embodied by those products." *Id.* at 18.

Philips' patent rights were exhausted when Philips authorized ADS and Zomax to sell CDs to the Customers and Philips is estopped from asserting those rights against downstream purchasers of CDs, such as the Customers. Accordingly, Philips' claims against the Customers must fail as a matter of law and should be dismissed in their entirety.

---

own license to sell products practicing the LGE Patents." Id. at 18. In other words, Intel's customers did not need a license because the exhaustion analysis stopped at Intel and LGE's patent rights already had been exhausted.

[4] It is irrelevant to Philips' claim against the Customers that Philips is alleging breach of the Zomax and ADS Agreements by Defendants Zomax and ADS. By Philips' own allegation in the Amended Complaint, the Zomax and ADS Agreements are valid and subsisting. (First Amended Complaint, ¶128).

### III. CONCLUSION

Because the Second Count of the First Amended Complaint fails to state a claim for relief under any viable legal theory, the Customers respectfully request that their motion to dismiss such Count be granted.

Respectfully submitted,

COOPER & DUNHAM LLP

Dated: June 26, 2008

/s/ Ivan S. Kavrukov
Ivan Kavrukov (IK 4452)
William E. Pelton (WP 1850)
Tonia A. Sayour (TS 7208)
Gregory J. Carbo (GC 8459)
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 278-0400
Fax: (212) 391-7550
ikavrukov@cooperdunham.com
wpelton@cooperdunham.com
tsayour@cooperdunham.com
gcarbo@cooperdunham.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2008, I electronically filed the foregoing **JOINT MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PATENT INFRINGEMENT CLAIMS AGAINST CUSTOMERS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Edward D. Johnson
>MAYER BROWN LLP
>Two Palo Alto Square, Suite 300
>3000 El Camino Real
>Palo Alto, California 94306-2112
>wjohnson@mayerbrown.com
>
>Vince P. Kovalick
>John F. Hornick
>Samuel C. Bass
>FINNEGAN, HENDERSON, FARABOW,
>GARRETT & DUNNER, L.L.P.
>901 New York Avenue, N.W.
>Washington, D.C. 20001
>vince.kovalick@finnegan.com
>John.Hornick@finnegan.com
>Samuel.Bass@finnegan.com
>
>Christopher J. Houpt
>MAYER BROWN LLP
>1675 Broadway
>New York, New York 10019
>choupt@mayerbrown.com

>/s/ Ivan S. Kavrukov
>Ivan S. Kavrukov