UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, <br><br>      **Plaintiffs,** <br><br>      v. <br><br> THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC, *et al.,* <br><br>      **Defendants.** | Civil Action No. 08-CV-4068 (CLB) <br> ECF Case |

## DEFENDANT INTUIT INC.'S ANSWER AND COUNTERCLAIMS

Defendant Intuit Inc. ("Intuit") files this Answer to the First Amended Complaint ("Complaint") filed by Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively, "Philips") on June 10, 2008.

1.     Intuit admits that Philips's Complaint alleges breach of contract and, in the alternative, patent infringement under 35 U.S.C. § 271. Intuit also admits that Philips's Complaint includes a request for a constructive trust with respect to defendants Eva-Tone, Inc. and Music City Optical Media, Inc.

### The Parties

2.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 2 of Philips's Complaint.

3.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 3 of Philips's Complaint.

4.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 4 of Philips's Complaint.

5.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 5 of Philips's Complaint.

6.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 6 of Philips's Complaint.

7.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 7 of Philips's Complaint.

8.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 8 of Philips's Complaint.

9.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 9 of Philips's Complaint.

10.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 10 of Philips's Complaint.

11.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 11 of Philips's Complaint.

12.      Intuit admits that it is a corporation with a place of business at 2632 Marine Way, Mountain View, CA 94043.

13.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 13 of Philips's Complaint.

14.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 14 of Philips's Complaint.

15.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 15 of Philips's Complaint.

16.      Intuit lacks sufficient knowledge or information to either admit or deny the allegations of

paragraph 16 of Philips's Complaint.

17.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 17 of Philips's Complaint.

18.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 18 of Philips's Complaint.

19.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 19 of Philips's Complaint.

20.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 20 of Philips's Complaint.

21.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 21 of Philips's Complaint.

22.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 22 of Philips's Complaint.

23.    Intuit admits that Philips's Complaint makes reference to "Replicator Defendants," "Zomax Defendants," "Customers," and "Individual Defendants."

24.    Intuit admits that Philips's Complaint refers to Defendants "John Does No. 1 through 100." Except as so admitted, Intuit denies the remaining allegations of paragraph 24 of Philips's Complaint.

**Jurisdiction and Venue**

25.    Intuit admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and 35 U.S.C. §§ 271 and 281.

26.    Intuit admits that venue in this judicial district is proper under 28 U.S.C. §§1391(c) and 1400(b). Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 26 of Philips's Complaint.

27. Intuit admits that the Court has personal jurisdiction over it under N.Y. C.P.L.R. § 302. Intuit denies that the Court has personal jurisdiction over it under N.Y. C.P.L.R. § 317 and Fed. R. Civ. P. 4(e)(1). Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 27 of Philip's Complaint.

28. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 28 of Philips's Complaint.

29. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 29 of Philips's Complaint.

30. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 30 of Philips's Complaint.

31.  Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 31 of Philips's Complaint.

32. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 32 of Philips's Complaint.

33. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 33 of Philips's Complaint.

34. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 34 of Philips's Complaint.

35. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 35 of Philips's Complaint.

36. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 36 of Philips's Complaint.

37. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of

paragraph 37 of Philips's Complaint.

38.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 38 of Philips's Complaint.

39.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 39 of Philips's Complaint.

40.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 40 of Philips's Complaint.

41.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 41 of Philips's Complaint.

42.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 42 of Philips's Complaint.

43.    Intuit denies that it has committed acts of patent infringement in this judicial district. Except as so denied, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 43 of Philips's Complaint.

44.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 44 of Philips's Complaint.

45.    Intuit denies that it is subject to personal jurisdiction in this district as a result of purposefully engaging in activities that were directed at residents of New York and at this judicial district, and that gave rise to Philips's claim for patent infringement.  Except as so denied, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 45 of Philips's Complaint.

46.    Intuit denies that it voluntarily placed unlicensed CD-Discs (as defined in paragraph 62 of Philips's Complaint) into the stream of U.S. commerce, conscious that New York and this

judicial district were the likely destination of a substantial quantity of those CD-Discs. Except as so denied, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 46 of Philips's Complaint.

### Facts related to Philips

47.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 47 of Philips's Complaint.

48.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 48 of Philips's Complaint.

49.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 49 of Philips's Complaint.

50.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 50 of Philips's Complaint.

51.    Intuit admits that Philips's Complaint makes reference to "CD Systems."

52.    Intuit admits that a copy of U.S. Patent No. 5,068,846 (the "'846 patent") was attached as Exhibit A to Philips's Complaint, and that this copy, on its face, bears the title "Reflective, Optical Record Carrier" and an issue date of November 26, 1991. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 52 of Philips's Complaint.

53.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 53 of Philips's Complaint.

### Facts Related to the Replicator Defendants

54.    Intuit admits that Exhibit B of Philips's Complaint is titled "CD Disc Patent License Agreement" and bears the date July 1, 2002. Intuit admits that Exhibit C of Philips's Complaint refers to itself as a "Side Letter," includes the phrase "a legally binding and integral part of the

Agreement" in paragraph 1, and bears the date March 31, 2003. Intuit admits that Exhibit D of Philips's Complaint refers to itself as the "Workout Agreement" and bears the date January 17, 2003. Intuit admits that Exhibit E of Philips's Complaint refers to itself as the "Second Workout Agreement" and bears the date December 1, 2004. Intuit admits that Exhibit F of Philips's Complaint is a letter addressed to Advanced Duplication Services, LLC ("ADS") that bears the date February 2, 2005. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 54 of Philips's Complaint.

55.    Intuit admits that Exhibit G of Philips's Complaint is titled "CD Disc Patent License Agreement" and bears a date of July 1, 2002. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 55 of Philips's Complaint.

56.    Intuit admits that Exhibit H of Philips's Complaint is titled "CD Disc Patent License Agreement" and bears a date of July 1, 2002. Intuit admits that Exhibit I of Philips's Complaint refers to itself as a "Side Letter," includes the phrase "a legally binding and integral part of the Agreement" in paragraph 1, and bears a signature dated November 25, 2002. Intuit admits that Exhibit J of Philips's Complaint refers to itself as a "Workout Agreement" and bears the date January 17, 2006. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 56 of Philips's Complaint.

57.    Intuit admits that Exhibit K of Philips's Complaint is titled "CD Disc Patent License Agreement" and bears a date of August 9, 2002. Intuit admits that Exhibit L of Philips's Complaint is titled "Stipulation and Agreement for Assignment and Assumption of License Agreements" and bears a date of December 19, 2003. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of

paragraph 57 of Philips's Complaint.

58.    Intuit admits that Exhibit M of Philips's Complaint is titled "CD Disc Patent License Agreement" and bears a date of July 1, 2002.  Intuit admits that Exhibits N, O, and P of Philips's Complaint bear the dates September 17, 2002, November 24, 2002, and November 24, 2003, respectively, and each refers to itself as a "Workout Agreement."  Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 58 of Philips's Complaint.

59.    Intuit admits that Exhibit Q of Philips's Complaint is titled "CD Disc Patent License Agreement" and bears a date of October 1, 2003.  Intuit admits that Exhibit R of Philips's Complaint refers to itself as a "Side Letter," includes the phrase "a legally binding and integral part of the Agreement" in paragraph 1, and bears a signature dated December 1, 2003.  Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 59 of Philips's Complaint.

60.    Intuit admits that Philips's Complaint makes reference to "Replicator Agreements."

61.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 61 of Philips's Complaint.

62.    Intuit admits that Exhibits B, G, H, K, and M of Philips's Complaint (the "Replicator Agreements") and Exhibit Q of Philips's Complaint (the "Zomax Agreement") refer to "CD-Audio Standard Specifications," "CD-Audio Maxi-Single Standard Specifications," "CD-ROM Standard Specifications," and "Enhanced Music CD Standard Specifications."  Intuit admits that the Zomax Agreement refers to "CD-ROM Disc mode 1," CD-ROM Disc mode 2," "CD-ROM XA Disc sub-mode 1," "CD-ROM XA Disc sub-mode 2," "CD Extra Disc," "CD Extra Disc sub-mode 1," and "CD Extra Disc sub-mode 2."  Except as so admitted, Intuit lacks sufficient

knowledge or information to either admit or deny the remaining allegations of paragraph 62 of Philips's Complaint.

63.     Intuit admits that the Replicator Agreements contain the quoted language. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 63 of Philips's Complaint.

64.     Intuit admits that the Replicator Agreements contain the quoted language. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 64 of Philips's Complaint.

65.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 65 of Philips's Complaint.

66.     Intuit admits that the Zomax Agreement contains the quoted language. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 66 of Philips's Complaint.

67.     Intuit admits that the Zomax Agreement contains the quoted language. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 67 of Philips's Complaint.

68.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 68 of Philips's Complaint.

69.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 69 of Philips's Complaint.

70.     Intuit admits that the Replicator Agreements and the Zomax Agreement contain the quoted language. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 70 of Philips's Complaint.

71.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 71 of Philips's Complaint.

72.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 72 of Philips's Complaint.

73.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 73 of Philips's Complaint.

74.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 74 of Philips's Complaint.

75.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 75 of Philips's Complaint.

76.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 76 of Philips's Complaint.

77.     Intuit admits that the Zomax Agreement contains the quoted language.  Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 77 of Philips's Complaint.

78.     Intuit admits that the '846 patent is a United States patent.  Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 78 of Philips's Complaint.

79.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 79 of Philips's Complaint.

80.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 80 of Philips's Complaint.

81.     Intuit admits that the Replicator Agreements and the Zomax Agreement contain the

quoted language. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 81 of Philips's Complaint.

82.    Intuit admits that the Replicator Agreements and the Zomax Agreement contain the quoted language. Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 82 of Philips's Complaint.

### Facts Relating to the Breach of Contract Claim

83.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 83 of Philips's Complaint.

84.    Intuit admits that the Replicator Agreements and the Zomax Agreement contain the quoted language without emphasis. Except as so admitted, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 84 of Philips's Complaint.

85.    Intuit denies that the '846 patent is "essential" for manufacturing CD-Discs that meet the Standard Specifications. Except as so denied, Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 85 of Philips's Complaint.

86.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 86 of Philips's Complaint.

87.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 87 of Philips's Complaint.

88.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 88 of Philips's Complaint.

89.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 89 of Philips's Complaint.

90.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of

paragraph 90 of Philips's Complaint.

91.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 91 of Philips's Complaint.

92.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 92 of Philips's Complaint.

93.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 93 of Philips's Complaint.

94.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 94 of Philips's Complaint.

## Facts Relating to the Patent Infringement Claim

95.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 95 of Philips's Complaint.

96.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 96 of Philips's Complaint.

97.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 97 of Philips's Complaint.

98.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 98 of Philips's Complaint.

99.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 99 of Philips's Complaint.

100.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 100 of Philips's Complaint.

101.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 101 of Philips's Complaint.

102.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 102 of Philips's Complaint.

103.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 103 of Philips's Complaint.

104.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 104 of Philips's Complaint.

105.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 105 of Philips's Complaint.

106.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 106 of Philips's Complaint.

107.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 107 of Philips's Complaint.

108.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 108 of Philips's Complaint.

109.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 109 of Philips's Complaint.

110.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 110 of Philips's Complaint.

111.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 111 of Philips's Complaint.

112.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 112 of Philips's Complaint.

113.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of

paragraph 113 of Philips's Complaint.

114.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 114 of Philips's Complaint.

115.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 115 of Philips's Complaint.

116.    Intuit denies the allegations of paragraph 116 of Philips's Complaint.

117.    Intuit denies the allegations of paragraph 117 of Philips's Complaint.

118.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 118 of Philips's Complaint.

119.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 119 of Philips's Complaint.

120.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 120 of Philips's Complaint.

121.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 121 of Philips's Complaint.

122.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 122 of Philips's Complaint.

## Facts Related to the Constructive Trust Claim

123.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 123 of Philips's Complaint.

124.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 124 of Philips's Complaint.

125.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 125 of Philips's Complaint.

126.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 126 of Philips's Complaint.

**Count I**
**(Breach of Contract)**
**Asserted Against All Defendants Except the Customers**

127.     Intuit incorporates by reference its responses to each and every allegation in Philips's Complaint.

128.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 128 of Philips's Complaint.

129.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 129 of Philips's Complaint.

130.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 130 of Philips's Complaint.

131.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 131 of Philips's Complaint.

132.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 132 of Philips's Complaint.

133.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 133 of Philips's Complaint.

134.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 134 of Philips's Complaint.

135.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 135 of Philips's Complaint.

136.     Intuit lacks sufficient knowledge or information to either admit or deny the allegations of

paragraph 136 of Philips's Complaint.

137.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 137 of Philips's Complaint.

138.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 138 of Philips's Complaint.

139.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 139 of Philips's Complaint.

140.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 140 of Philips's Complaint.

141.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 141 of Philips's Complaint.

142.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 142 of Philips's Complaint.

143.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 143 of Philips's Complaint.

### Count II
### (Patent Infringement)
### Asserted Against All Defendants

144.    Intuit incorporates by reference its responses to each and every allegation in Philips's Complaint.

145.    Intuit denies the allegations of paragraph 145 of Philips's Complaint with respect to Intuit. Except as so denied, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 145 of Philips's Complaint.

146.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of

paragraph 146 of Philips's Complaint.

147.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 147 of Philips's Complaint.

148.    Intuit admits that 35 U.S.C. § 282 says, "[a] patent shall be presumed valid." Intuit denies that the '846 patent is valid.  Except as so admitted or denied, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 148 of Philips's Complaint.

149.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 149 of Philips's Complaint.

150.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 150 of Philips's Complaint.

151.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 151 of Philips's Complaint.

152.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 152 of Philips's Complaint.

153.    Intuit denies the allegations of paragraph 153 of Philips's Complaint with respect to Intuit.  Except as so denied, Intuit lacks sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 153 of Philips's Complaint.

### Count III
### (Constructive Trust)
### Asserted Against Eva-Tone and Music City

154.    Intuit incorporates by reference its responses to each and every allegation in Philips's Complaint.

155.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of

paragraph 155 of Philips's Complaint.

156.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 156 of Philips's Complaint.

157.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 157 of Philips's Complaint.

158.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 158 of Philips's Complaint.

159.    Intuit lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 159 of Philips's Complaint.

### Philips's Prayer for Relief

160.    Intuit denies that Philips is entitled to any and all of its requested relief, as listed in Philips's Complaint, paragraphs A-CC.

### INTUIT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

161.    Philips fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Non-infringement)

162.    Intuit does not infringe, nor has it ever infringed, any valid claim of the '846 patent, either directly or indirectly, through inducement or by contributory infringement, literally or under the doctrine of equivalents.

### Third Affirmative Defense
### (Invalidity)

163.    Each claim of the '846 patent is invalid or void for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code,

including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 132.

## Fourth Affirmative Defense
### (Laches)

164.    On information and belief, Philips's claims for relief are barred, in whole or in part, by the doctrine of laches.

## Fifth Affirmative Defense
### (Prosecution Laches)

165.    On information and belief, Philips's claims for relief are barred, in whole or in part, by the doctrine of prosecution laches.

## Sixth Affirmative Defense
### (Waiver)

166.    On information and belief, Philips's claims for relief are barred, in whole or in part, by the doctrine of waiver.

## Seventh Affirmative Defense
### (Estoppel)

167.    On information and belief, Philips's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

## Eighth Affirmative Defense
### (Unclean Hands)

168.    On information and belief, Philips's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## Ninth Affirmative Defense
### (Patent Marking)

169.    On information and belief, Philips's claims for relief are barred, in whole or in part, by failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

## Tenth Affirmative Defense
### (Limitation on Damages)

170.    On information and belief, Philips's claims for relief are barred, in whole or in part, under

35 U.S.C. §§ 154 and 286.

## Eleventh Affirmative Defense
### (Prosecution History Estoppel)

171.    On information and belief, Philips's claims for relief are barred, in whole or in part, by

the doctrine of prosecution history estoppel.  Philips is estopped from asserting a construction of

any claim of the '846 patent that would cover or include any product manufactured, used, sold,

or offered for sale by Intuit on account of actions or inactions taken by the named inventor,

prosecution attorneys, and/or others involved in the prosecution of the patent application that

became the '846 patent, including but not limited to the amendment, cancellation, or

abandonment of claims, as well as admissions or other statements made to the United States

Patent and Trademark Office during the prosecution of the patent application.

## Twelfth Affirmative Defense
### (Patent Exhaustion, License, and Release)

172.    On information and belief, Philips's claims for relief are barred, in whole or in part, by

the doctrine of patent exhaustion on account of one or more licenses, implied licenses, releases,

or other agreements related to the '846 patent.

## Thirteenth Affirmative Defense
### (Patent Misuse)

173.    On information and belief, Philips's claims for relief are barred, in whole or in part, by

the doctrine of patent misuse.  On information and belief, Philips imposed standard

specifications as a requirement in the CD industry for the manufacture of CD-Discs.  Philips has

declared that the '846 patent is "essential" for compliance with Standard Specifications.  (*See,*

*e.g.*, Philips's Complaint, paragraph 85.) But, on information and belief, the '846 patent is not "essential" for manufacturing CD-Discs that meet the Standard Specifications because manufacturing innovations have made it possible to manufacture CD-Discs that meet the Standard Specifications without use of the '846 patent. Philips has misused its patent rights by claiming that the use of the '846 patent is necessary for compliance with the Standard Specifications when in fact it is not.

### Fourteenth Affirmative Defense
### (Lack of Standing)

174.    On information and belief, Philips's lacks standing to assert the '846 patent.

### Fifteenth Affirmative Defense
### (Adequate Remedy at Law)

175.    On information and belief, Philips's is not entitled to an injunction or any other equitable remedy because it has an adequate remedy at law.

### INTUIT'S COUNTERCLAIMS

### The Parties

1.    Counterclaimant Intuit is a Delaware corporation with a principal place of business at 2700 Coast Avenue, Mountain View, CA 94043.

2.    On information and belief, Counter-defendant Koninklijke Philips Electronics N.V. is a corporation organized under the laws of The Netherlands with its principal place of business in Amsterdam, The Netherlands.

3.    On information and belief, Counter-defendant U.S. Philips Corporation is a corporation organized under the laws of Delaware with its principal place of business at 3000 Minuteman Road, M/S 109, Andover, MA 01810, and an office at 345 Scarborough Rd., Briarcliff Manor, New York.

**Jurisdiction & Venue**

4.      The Court has personal jurisdiction over Philips.  On information and belief, Philips has sufficient contacts within this judicial district to subject Philips to the jurisdiction of this Court. Further, by filing its Complaint in this Court, Philips has subjected itself to the personal jurisdiction of this Court.

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and pursuant to the patent laws of the United States of America, 35 U.S.C. § 100, *et seq*.

6.      Venue in this judicial district is proper for these counterclaims under 28 U.S.C. § 1391 and because Philips has filed its Complaint for patent infringement in this Court.

**First Counterclaim**
**(Declaration of Non-infringement of the '846 Patent)**

7.      Intuit incorporates and realleges paragraphs 1 through 6 of these counterclaims.

8.      Philips alleges that it is the owner of the '846 patent, and Philips has alleged that Intuit has been and currently is infringing the '846 patent.

9.      Intuit does not infringe, nor has it ever infringed, any valid claim of the '846 patent, either directly or indirectly, through inducement or by contributory infringement, literally or under the doctrine of equivalents.

10.     An actual case or controversy exists between Intuit and Philips because Philips has filed a complaint against Intuit alleging infringement of the '846 patent.

11.     Declaratory relief is both appropriate and necessary to establish that Intuit is not infringing the '846 patent.

**Second Counterclaim**
**(Declaration of Invalidity and Unenforceability of the '846 Patent)**

12.     Intuit incorporates and realleges paragraphs 1 through 6 of these counterclaims.

13.     Philips alleges that it is the owner of the '846 patent, and Philips has alleged that Intuit has been and currently is infringing the '846 patent.

14.     Each claim of the '846 patent is invalid or void for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 132.

15.     The '846 patent is unenforceable for at least the reasons alleged in Intuit's Thirteenth Affirmative Defense, above.

16.     An actual case or controversy exists between Intuit and Philips because Philips has filed a complaint against Intuit alleging infringement of the '846 patent.

17.     Declaratory relief is both appropriate and necessary to establish that the '846 patent is invalid and unenforceable.

**Intuit's Prayer for Relief**

WHEREFORE, Defendant/Counterclaimant Intuit prays for the following:

A.     A judgment that Philips's Complaint be dismissed with prejudice and that all relief requested therein be denied with prejudice.

B.     A judgment declaring that Intuit does not infringe, in any manner or way, the '846 patent.

C.     A judgment declaring that the '846 patent is invalid and unenforceable.

D.     A judgment declaring that this case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling Intuit to an award of reasonable attorneys' fees, expenses, and costs in this action.

E.     Such other relief that the Court deems just and proper.

Dated:  June 27, 2008                    DLA Piper US LLP


By   s/ Mark W. Rueh
     Mark W. Rueh
     DLA Piper US LLP
     1251 Avenue of the Americas, 27th Floor
     New York, NY 10020-1104
     Tel: 212.335.4500
     Fax: 212.335.4501
     mark.rueh@dlapiper.com

     Arthur S. Beeman
     (*pro hac vice* application pending)
     Pamela K. Fulmer
     (*pro hac vice* application pending)
     Robert Buergi
     (*pro hac vice* application pending)
     DLA Piper US LLP
     153 Townsend Street, Suite 800
     San Francisco, CA 94107-1957
     Tel: 415.836.2500
     Fax: 415.836.2501
     arthur.beeman@dlapiper.com
     pam.fulmer@dlapiper.com
     robert.buergi@dlapiper.com

     Attorneys for Defendant Intuit Inc.

## Intuit's Demand for Jury Trial

Intuit respectfully demands a jury trial for all issues so triable.


Dated:  June 27, 2008                          DLA Piper US LLP


                                        By   s/ Mark W. Rueh
                                            Mark W. Rueh
                                            DLA Piper US LLP
                                            1251 Avenue of the Americas, 27th Floor
                                            New York, NY 10020-1104
                                            Tel: 212.335.4500
                                            Fax: 212.335.4501
                                            mark.rueh@dlapiper.com

                                            Arthur S. Beeman
                                            (*pro hac vice* application pending)
                                            Pamela K. Fulmer
                                            (*pro hac vice* application pending)
                                            Robert Buergi
                                            (*pro hac vice* application pending)
                                            DLA Piper US LLP
                                            153 Townsend Street, Suite 800
                                            San Francisco, CA 94107-1957
                                            Tel: 415.836.2500
                                            Fax: 415.836.2501
                                            arthur.beeman@dlapiper.com
                                            pam.fulmer@dlapiper.com
                                            robert.buergi@dlapiper.com

                                            Attorneys for Defendant Intuit Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,**

**Plaintiffs,**

v.

**THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC,** *et al.*,

**Defendants.**

Civil Action No. 08-CV-4068 (CLB)
ECF Case

<u>**CERTIFICATE OF SERVICE**</u>

STATE OF NEW YORK    )
                     )SS:
COUNTY OF NEW YORK   )

 I, Mark W. Rueh, a member of the Bar of this Court, hereby certify that on Friday, June 27, 2008, I caused to be served upon:

Ivan Kavrukon
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, New York 10036

Michael F. Hardwick
The ADS Group
2155 Niagara Lane North
Plymouth, Minnesota 55447

Eva-Tone, Inc.
4801 Ulmerton Road
Clearwater, Florida 33762

W. Edward Ramage
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee 37201

Malaco Entertainment LLC
3023 West Northside Drive
P.O. Box 9287
Jackson, Mississippi 39213

David A. Silvon
5339 Monticello Hall Drive
Columbus, Ohio 43221

By UPS Overnight Mail a true copy of **DEFENDANT INTUIT INC.'S ANSWER AND
COUNTERCLAIMS**


New York, New York                    DLA Piper US LLP
Dated:
June 27, 2008

                                      By   s/ Mark W. Rueh
                                           Mark W. Rueh
                                           DLA Piper US LLP
                                           1251 Avenue of the Americas, 27th Floor
                                           New York, NY 10020-1104
                                           Tel: 212.335.4500
                                           Fax: 212.335.4501
                                           mark.rueh@dlapiper.com

                                           Arthur S. Beeman
                                           (*pro hac vice* application pending)

                                           Pamela K. Fulmer
                                           (*pro hac vice* application pending)

                                           Robert Buergi
                                           (*pro hac vice* application pending)

                                           DLA Piper US LLP
                                           153 Townsend Street, Suite 800
                                           San Francisco, CA 94107-1957
                                           Tel: 415.836.2500
                                           Fax: 415.836.2501
                                           arthur.beeman@dlapiper.com
                                           pam.fulmer@dlapiper.com
                                           robert.buergi@dlapiper.com

                                           Attorneys for Defendant Intuit Inc.