UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR., an individual; JOHN EDGAR MOLL, and individual, JOHN STEVEN MOLL, an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100, <br><br> Defendants. | Civil Action No. 08-CV-4068 (CLB) |

KONINKLIJKE PHILIPS ELECTRONICS N.V. AND U.S. PHILIPS CORPORATION'S MEMORANDUM IN OPPOSITION TO DEFENDANTS JOHN EDGAR MOLL AND JOHN STEVEN MOLL'S MOTION TO DISMISS

Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips") hereby oppose Defendants John Edgar Moll's and John Steven Moll's (collectively "the Molls") Motion to Dismiss (Document No. 27).

## TABLE OF CONTENTS

I.    SUMMARY ................................................................................................................1

II.   ARGUMENT ..............................................................................................................1

    A.    Applicable Standards and Procedure ...............................................................1

        1.    Rule 12(b)(6) — A Short and Plain Statement of the Claim is
            Sufficient to Survive a Motion to Dismiss....................................................1

        2.    Officers Can be Liable for Patent Infringement Without Piercing
            the Corporate Veil........................................................................................4

        3.    Personal Jurisdiction ...................................................................................5

    B.    Philips Alleges Facts Sufficient to State a Claim ...........................................6

        1.    Patent Infringement.....................................................................................6

        2.    Breach of Contract ......................................................................................9

        3.    Personal Jurisdiction .................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
  493 F.3d 87 (2d Cir. 2007) ................................................................... 2

*Bell Atlantic Corp. v. Twombly,*
  ___ U. S. ___, 127 S. Ct. 1955 (2007) .................................................. 2

*Bernheim v. Litt,*
  79 F.3d 318 (2d Cir. 1996) .............................................................. 2, 7

*Boykin v. KeyCorp,*
  521 F.3d 202, 2008 WL 817111 (2d Cir. Mar. 27, 2008) ..................... 3

*Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found.,*
  297 F.3d 1343 (Fed. Cir. 2002) ...................................................... 5, 13

*EED Holdings v. Palmer Johnson Acquisition Corp.,*
  387 F. Supp. 2d 265 (S.D.N.Y. 2004) ................................................... 4

*Erickson v. Pardus,*
  ___ U.S. ___, 127 S. Ct. 2197 (2007) ................................................... 2

*Genetic Implant Systems, Inc. v. Luker,*
  123 F.3d 1455 (Fed. Cir. 1997) ...................................................... 5, 14

*Graphic Controls Corp. v. Utah Med. Prod., Inc.,*
  149 F.3d 1382 (Fed. Cir. 1998) .................................................. 5, 12, 13

*In re Magnetic Audiotape Antitrust Litigation,*
  334 F.3d 204 (2d Cir. 2003) ............................................................... 14

*Insituform Tech., Inc. v. CAT Contracting, Inc.,*
  385 F.3d 1360 (Fed. Cir. 2004) ........................................................ 4, 9

*Iqbal v Hasty,*
  490 F.3d 143 (2d Cir. 2007) ................................................................. 3

*Manville Sales Corp. v. Paramount Sys., Inc.,*
  917 F.2d 544 (Fed. Cir. 1990) ...................................................... 4, 5, 9

*McZeal v. Sprint Nextel Corp.,*
  501 F.3d 1354 (Fed. Cir. 2007) ...................................................... 3, 6, 7

*Patane v. Clark,*
  508 F.3d 106 (2d Cir. 2007) .............................................................. 2, 3

*Swierkiewicz v. Sorema N. A.,*
    534 U. S. 506 (2002)..................................................................................... 3

*Topps Co., Inc. v. Gerrit J.Verburg Co.,*
    961 F.Supp. 88 (S.D.N.Y. 1997) ................................................................. 6

*Trintec Industries Inc. v. Pedre Promotional Products, Inc.,*
    395 F.3d 1275  (Fed. Cir. 2005) ........................................................... 14, 15

*Ugalde v. Dyncorp, Inc.,*
    2000 WL 217502 (S.D.N.Y. February 23, 2000) ....................................... 6

*Wilmington Fin., Inc. v. Blue Star Fin. Servs., Inc.,*
    Civ. A. No. 07-3489, 2008 WL 144192 (E.D. Pa. Jan. 9, 2008) ............... 8

**Statutes**

35 U.S.C. § 271(a) ........................................................................................... 4

35 U.S.C. § 271(b) ........................................................................................... 4

N.Y. C.P.L.R. §§ 301, 302 (McKinney 2003) ........................................... 5, 12

**Rules**

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 1

## I.    SUMMARY

The Molls argue that Philips fails to state a claim against them, upon which relief can be granted, and that the First Amended Complaint should therefore be dismissed with respect to them. The Molls' 12(b)(6) motion is based, in part, on their contention that Philips has failed to allege sufficient facts to support veil-piercing and individual liability for patent infringement and inducement to breach the patent license agreement between Philips and their company, Music City Optical Media, Inc. ("Music City"). These arguments fail. Their motion misstates the applicable law, and its cursory analysis mischaracterizes the nature of the facts asserted in the First Amended Complaint. Because Philips has adequately stated claims upon which relief can be granted, the Molls' 12(b)(6) Motion should be denied.

In the alternative, the Molls contend that the First Amended Complaint should be dismissed due to lack of personal jurisdiction over them. Philips, however, has met its jurisdictional burden. Philips alleges that the Molls have committed acts of patent infringement in this district, including directing and controlling patent infringement by Music City, which sells infringing CD Discs in the district. Because Philips has made allegations that subject the Molls to specific personal jurisdiction in New York, the Molls' 12(b)(2) Motion should also be denied. If the Court has any doubt that the Molls are subject to personal jurisdiction in this district, Philips should be allowed to conduct limited discovery directed to this issue.

## II.    ARGUMENT

### A.    Applicable Standards and Procedure

#### 1.    Rule 12(b)(6) — A Short and Plain Statement of the Claim is Sufficient to Survive a Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint need only "contain a short and plain statement of the claim showing that the pleader is entitled to relief."

This remains the standard, even after the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly,* ___ U. S. ___, 127 S. Ct. 1955 (2007). As the *Bell Atlantic* Court stated, "we do not apply any heightened pleading standard," *id.* at 1973 n. 14, and "we do not require heightened fact pleading of specifics," *id.* at 1974. Thus, *Bell Atlantic* did not change the law or the pleading standard.

The Court reinforced this principle just two weeks later (in a case ignored by the Molls), where it stated that "[s]pecific facts are not necessary; the [Complaint] need only give the defendant fair notice of what the . . . claim is and grounds upon which its rests." *Erickson v. Pardus,* ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (citation omitted).[1] The *Erickson* court also reinforced the principle that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Bell Atlantic,* 127 S. Ct. at 1965; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (explaining that courts must consider motions to dismiss by "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor."). Whether the plaintiff may ultimately prevail is irrelevant for purposes of deciding a motion to dismiss. *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996).

Motions to dismiss under Rule 12(b)(6) are rarely granted and are generally viewed with disfavor. *See Patane v. Clark,* 508 F.3d 106, 116 (2d Cir. 2007). Indeed, the Supreme Court has stated that the notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues . . . ," not motions to dismiss. *Swierkiewicz v.*

---

[1] It is important to note that in *Erickson,* the issue was whether plaintiff's allegations of harm were conclusory. With respect to harm, the Complaint alleged only that the prison's removal of Erickson from prescribed hepatitis C medication was "endangering [his] life." The Court found that such allegation was not conclusory and satisfied Fed. R. Civ. P. 8(a)(2).

*Sorema N. A.,* 534 U. S. 506, 512 (2002). While recognizing that *Bell Atlantic* requires "enough facts to state a claim for relief that is plausible on its face," the United States Court of Appeals for the Second Circuit has clarified that "[o]nly a statement of facts so conclusory that it fails to give notice of the basic events and circumstances on which a plaintiff relies should be rejected as legally insufficient under 12(b)(6)." *Patane,* 508 F.3d at 111-12, 116 (quoting *Bell Atlantic,* 127 S. Ct. at 1974).

In *Iqbal v Hasty,* the Second Circuit discussed the impact of *Bell Atlantic* at length. *Iqbal v Hasty,* 490 F.3d 143, 155 (2d Cir. 2007), *cert. granted sub. nom,* Ashcroft v. Iqbal, 2008 WL 336310 (U.S. June 16, 2008) (No. 07-1015). The *Iqbal* Court first noted that the Supreme Court in *Bell Atlantic* "explicitly disclaimed that it was 'requir[ing] heightened fact pleading of specifics,' [ ] and emphasized the continued viability of *Swierkiewicz,* [ ] which had rejected a heightened pleading standard." *Iqbal,* 490 F.3d at 156 (citing *Bell Atlantic,* 127 S.Ct. at 1973-74). Thus, to the extent that Defendants here argue that *Bell Atlantic* requires additional factual specificity at the pleading stage, that argument is not supported by the case law. *See Boykin v. KeyCorp,* 521 F.3d 202, 2008 WL 817111, at * 22 (2d Cir. Mar. 27, 2008) ("[B]oth [*Bell Atlantic*] and [*Erickson*] explicitly disavow that Rule 8(a) requires any plaintiff … to plead 'specific facts.'").

The low threshold for fact pleading is particularly evident in the context of patent infringement claims, where plaintiffs "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir. 2007). Furthermore, "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *Id.* The minimal

3

pleading requirements for patent infringement are demonstrated by the sample Complaint provided in Fed. R. Civ. P. Form 16 (2006). *Id.* at 1356-57.

**2.    Officers Can be Liable for Patent Infringement Without Piercing the Corporate Veil**

In this district, veil-piercing "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 8(a)). "Under New York law, a party seeking to pierce the corporate veil must generally show that: '(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury.'" *Id.* at 273 (citing *Matter of Morris v. New York State Dep't of Taxation and Fin.*, 623 N.E.2d 1157, 1160-61 (1993)).

In the context of patent infringement, however, it is not always necessary to pierce the corporate veil to make officers personally liable. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552-53 (Fed. Cir. 1990); *Insituform Tech., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1375 (Fed. Cir. 2004). A distinction is drawn between (A) direct patent infringement by corporations under 35 U.S.C. § 271(a), and (B) active inducement by corporate officers of their corporations to infringe a patent under 35 U.S.C. § 271(b). *Manville Sales*, 917 F.2d at 552-53; *Insituform*, 385 F.3d at 1375. Only in the case of direct patent infringement is it necessary to pierce the corporate veil to reach the officers. *Manville Sales*, 917 F.2d at 552-53.

Where a corporate officer is involved in infringement by inducement, it is not necessary to pierce the corporate veil. *See Insituform Tech.*, 385 F.3d at 1375 ("corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the

4

corporate officer."); *Manville Sales*, 917 F.3d at 553 ("corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil.") (emphasis in original). To impose personal liability on corporate officers for inducement, "it must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Manville Sales Corp.*, 917 F.2d at 553.

### 3.    Personal Jurisdiction

Although the plaintiff bears the burden of establishing personal jurisdiction, it need only make a *prima facie* showing if the court has not heard testimony or made any factual determinations. *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002). Furthermore, all factual disputes are resolved in the plaintiff's favor. *Id.*

Since this is a patent case, the Federal Circuit's law of personal jurisdiction applies. *Id.* at 1348. In determining whether personal jurisdiction exists, the Federal Circuit applies the same two-prong analysis as all other courts: (1) whether the forum state's long-arm statute permits service of process; and (2) whether the exercise of jurisdiction comports with due process. *Genetic Implant Systems, Inc. v. Luker*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). To interpret the meaning of the New York's jurisdictional statutes, however, New York law also applies. *Graphic Controls Corp. v. Utah Med. Prod., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998). New York has two statutes that provide for the exercise of personal jurisdiction: N.Y. C.P.L.R. § 301 and § 302 (McKinney 2003). Section 301 relates to "general jurisdiction" and Section 302, the "long arm statute," relates to "specific jurisdiction."

If a party is subject to personal jurisdiction under one of the applicable New York jurisdictional statutes, the issue then turns to whether that exercise of jurisdiction would comport with federal due process. *Graphic Controls Corp.*, 149 F.3d at 1385. However, under New York law, any contacts sufficient to subject a party to "general jurisdiction" under N.Y. C.P.L.R. § 301 will also satisfy the requirements of federal due process because the requirements of Section 301 are more restrictive than the requirements of federal due process. *Ugalde v. Dyncorp, Inc.*, 2000 WL 217502, at *4 (S.D.N.Y. February 23, 2000) (Section 301 "doing business jurisdiction" satisfies the minimum contacts requirements of due process). Similarly, "if jurisdiction is proper under [section 302], due process will [ordinarily] be satisfied because C.P.L.R. § 302 does not reach as far as the constitution permits." *Topps Co., Inc. v. Gerrit J.Verburg Co.*, 961 F.Supp. 88, 90 (S.D.N.Y. 1997).

### B.    Philips Alleges Facts Sufficient to State a Claim

#### 1.    Patent Infringement

The Molls argue that Philips' First Amended Complaint fails to allege facts sufficient to state a claim for patent infringement. The Molls are incorrect. Philips clearly alleges facts sufficient to state its infringement claim.

Philips' First Amended Complaint is modeled after the sample infringement Complaint shown in Fed. R. Civ. P. Form 16 (2006), as approved by the Federal Circuit in *McZeal*. Comparing Philips' First Amended Complaint to that sample Complaint plainly demonstrates the sufficiency of Philips' allegations. In the First Amended Complaint, Philips provides "1) an allegation of jurisdiction," (FAC ¶¶ 25-27, 35-36, 45-46), "2) a statement that the plaintiff owns the patent," (FAC ¶¶ 52), "3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent,'" (FAC ¶¶ 36, 104, 145), "4) a statement that the plaintiff has given the defendant notice of its infringement," (FAC ¶ 151), and

6

"5) a demand for an injunction and damages," (FAC ¶¶ P, X). *See McZeal*, 501 F.3d at 1356-57.

Nothing more is required to state a claim for patent infringement. *Id.*

### a)    The Molls are Personally Liable for Music City's Direct Patent Infringement

The Molls also argue that Philips has not alleged facts sufficient to hold the Molls personally liable for direct patent infringement by Music City. The Molls may be correct in their contention that Philips must ultimately pierce Music City's corporate veil in order to hold the Molls liable for Music City's direct infringement. For the purposes of the motion, however, whether Philips will ultimately prevail and pierce the veil is irrelevant. *Bernheim*, 79 F.3d at 321. The issue before the court is whether Philips has pled facts sufficient to place the Molls on notice as to what they must defend. *McZeal*, 501 F.3d at 1357. As outlined below, Philips has done exactly that.

Philips states numerous facts in the First Amended Complaint supporting its claim that the Molls should be held personally liable for direct infringement by Music City: the Molls committed acts of patent infringement by directing and controlling patent infringement by Music City (FAC ¶ 36); the Molls personally, actively, and knowingly controlled and directed Music City in making and selling CD-Discs covered by U.S. Patent No. 5,068,846 ("the '846 patent"), owned by Philips, without paying royalties to Philips (FAC ¶ 104); Music City, which the Molls control, decided to stop paying royalties under the patent (FAC ¶ 87); the Molls intended to avoid personal liability for their acts of patent infringement by acting as Music City in making and selling CD-Discs covered by the '846 patent (FAC ¶ 105); the Molls have infringed and are continuing to infringe the '846 patent (FAC ¶ 145); Philips has suffered monetary and other damages and irreparable injury as the direct and proximate result of the Molls' infringement of

the '846 patent (FAC ¶ 153). Thus, Philips furnished the Molls with notice of the events and circumstances on which Philips relies.

Moreover, Philips' First Amended Complaint also satisfies the pleading requirement for a veil-piercing claim. By alleging that the Molls controlled and directed Music City in making and selling CD-Discs covered by the '846 patent without paying royalties, Philips has alleged that the Molls exercised domination over Music City. Philips also asserted that it was this very domination that resulted in Music City's patent infringement, which resulted in Philips' injury and harm. Based on these allegations, the Molls are certainly on notice that they must defend themselves against a claim that they acted as the alter ego of Music City and should be held personally liable for direct patent infringement by Music City. *Bell Atlantic, Erickson,* and *Patane* require no more specific allegations.

In any event, the Molls' argument that there are insufficient facts to support Philips' veil-piercing claim is inappropriate. Such arguments are largely factual and are not the proper subject of a dismissal motion. *Wilmington Fin., Inc. v. Blue Star Fin. Servs., Inc.,* Civ. A. No. 07-3489, 2008 WL 144192, at *2 (E.D. Pa. Jan. 9, 2008) ("Defendants argue that the Amended Complaint is futile because . . . there are no grounds to pierce the corporate veil . . . . These arguments are largely factual and thus inappropriate at this early stage of the proceedings."); *id.* (quoting *Cent. Nat. Gottesman v. Pemcor, Inc.,* Civ. A. No. 01-3203, 2001 WL 1198659, at *1 (E.D. Pa. Oct. 5, 2001) ("invoking [alter ego and piercing the corporate veil] theories in a complaint and proceeding on them is not the proper subject of a dismissal motion")).

### b)    The Molls are Personally Liable for Actively Inducing Music City to Infringe

Contrary to the Molls' contention, there is no corporate veil protection against Philips' claim that the Molls actively induced Music City to infringe the '846 patent. *See Insituform*

*Tech.*, 385 F.3d at 1375; *Manville Sales*, 917 F.3d at 553.  Therefore, even if the Court finds that Philips has failed to state a claim based on the alter ego theory of liability, Philips' active inducement claim must survive.  The First Amended Complaint more than adequately pleads Philips' claim for infringement by inducement.

Philips lists numerous facts in the First Amended Complaint supporting its claim that the Molls actively induced Music City to infringe: the Molls personally, actively, and knowingly controlled and directed Music City in making and selling CD-Discs covered by the '846 patent in the U.S. without paying royalties to Philips, and the Molls knew that their actions would induce Music City to make and sell CD-Discs covered by the '846 patent (FAC ¶ 104); the Molls have infringed and are continuing to infringe the '846 patent by inducing or contributing to the infringement of the '846 patent (FAC ¶ 145).

In sum, Philips has alleged that the Molls actively assisted Music City in its infringement and that the Molls possessed specific intent to encourage Music City's infringement.  If established, such facts are sufficient to impose personal liability on the Molls. *See Manville Sales Corp.*, 917 F.2d at 553.  Thus, Philips' allegations clearly put the Molls on notice. The First Amended Complaint clearly notifies the Molls that they must defend themselves against claims that they actively induced Music City's infringement and are personally liable for Music City's infringement.

Because the infringement claims in Philips' First Amended Complaint include sufficient facts to state a claim for relief, the portions of the Molls' 12(b)(6) motion contesting infringement should be denied.

### 2.    Breach of Contract

Philips' breach of contract claim is based on its allegation that the Molls induced Music City to breach its CD-Disc Patent License Agreement with Philips.  However, the Molls argue

9

that Philips failed to allege sufficient facts for this claim.  Here again the Molls are wrong.  As shown below, Philips alleged sufficient facts.

From the outset, the Molls paint an inaccurate picture of Philips' breach of contract claim.  The Molls contend that "[w]hile the complaint alleged that the Molls should be held personally liable for allegedly inducing Music City to breach its agreements with Plaintiffs, no specific factual allegations have been alleged which support this allegation . . . ." (Mot. to Dismiss 8.)  The Molls further argue that "Philips' First Amended Complaint is devoid of any factual allegation supporting a conclusion that the Molls were not acting in their capacities as officers for Music City." (Mot. to Dismiss 10.)  These arguments fall far short of the mark.  Simply put, they mischaracterize the facts and overlook several allegations.

The First Amended Complaint paints a very clear picture of how the Molls induced Music City to beach its contract with Philips.  For example, Philips contends that Music City began paying royalties to Philips beginning in or about 2Q 2002 but then was actively and knowingly induced by the Molls *in their personal capacities* to stop paying in or about 2Q 2006. (FAC ¶¶ 86-87, 104, 132.)  Music City, under the active and knowing inducement by the Molls *in their personal capacities*, has since produced at least 65 million CD-Discs without paying royalties to Philips.  (FAC ¶¶ 88, 104, 132.)  Philips further alleges that Music City, under the *personal* control of the Molls, has sold or has plans to sell substantially all of its assets to Eva-Tone, Inc. ("Eva-Tone"). (FAC ¶¶ 105, 157-159.)  All along, the purpose of this sale was solely to prevent Philips from reaching Music City's assets. *Id.*

Philips' contention that Music City began paying royalties to Philips and then stopped paying royalties approximately four years later is particularly relevant to the Molls' inducement of Music City's breach. (FAC ¶¶ 86-88, 104, 132.)  The Molls certainly had a personal interest in

10

earning money from Music City, as they are its President and CEO (FAC ¶¶ 16, 17). Music City stood to have higher profits if it stopped paying royalties to Philips, and consequently, the Molls, as the controlling executives of Music City, stood to have higher personal compensation. The Molls also had the authority to direct Music City to stop paying royalties, or, if they believed Music City should pay, to assure that it did so. Thus, Philips alleged, based on information and belief, that the Molls, in their personal capacities, intentionally induced Music City to breach its CD-Disc Patent License Agreement with Philips. (FAC ¶ 104, 132.) These allegations raise Philips' right to relief above a speculative level and make Philips' breach of contract claim plausible on its face. It also furnishes the Molls with notice of the basic events and circumstances on which Philips relies. *Bell Atlantic, Erickson,* and *Patane* require nothing more.

Even more telling is Philips' contention that Music City has sold or has plans to sell substantially all of its assets to Eva-Tone in an attempt to hide those assets from Philips. (FAC ¶¶ 105, 157-159.) The Molls knew that if they sold Music City's assets to Eva-Tone, Philips would have difficulty reaching both Music City's assets and Eva-Tone's money. *Id.* As Philips alleged, these actions by the Molls and Music City amount to conduct that is both unconscionable and inequitable, and thus a fraud upon Philips. (FAC ¶¶ 157-159.) And, as the Molls readily admit, immunity does not extend to employees who commit fraud. (Mot. to Dismiss 9 (citing *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 434 (2d Cir. 1995)). Without corporate officer immunity, the Molls most certainly cannot escape Philips' claim that they induced Music City to breach its contract with Philips.

Accordingly, Philips has met its burden and cannot be prevented from seeking discovery from the Molls to develop these plausible claims. Thus, the Molls' motion to dismiss based on Fed. R. Civ. P. 12(b)(6) should be denied.

11

3.    **Personal Jurisdiction**

In the alternative, the Molls also argue that they are not subject to personal jurisdiction in New York.    However, because of their activities with respect to the allegedly infringing CD-Discs, this portion of the Molls' motion should also be denied.

a)    **The Molls Are Subject to "Specific" Jurisdiction Under the New York Long Arm Statute**

Philips alleges that the Molls are subject to "specific" personal jurisdiction.    Section 302(a)(1) of New York's Civil Practice Laws and Rules provides that a court may exercise "specific jurisdiction" over an out-of-state defendant if that defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state" and the cause of action arises from those acts.    For a court to assert specific jurisdiction over a defendant under section 302(a)(1), the plaintiff must show that: "(1) the defendant's business activities in New York must be activities by which the defendant projects itself into New York in such a way as to purposefully avail itself of the benefits and protections of New York laws and (2) the plaintiff's cause of action must arise out of that business activity within the state." *Graphic Controls Corp.*, 149 F.3d at 1386.    The New York courts have held that Section 302(a)(1) does not extend to the limits of federal due process. *Id.*

In this case, Philips pled sufficient facts to meet both prongs of the "specific" personal jurisdictional test.    Philips' First Amended Complaint states that the "Individual Defendants [including the Molls] are subject to personal jurisdiction in this district because they purposefully engaged in activities that gave rise to this claim for patent infringement, which were directed at residents of New York and this judicial district." (FAC ¶ 45).    It further provides that the "Individual Defendants [including the Molls] voluntarily placed unlicensed CD-Discs ... into the

12

stream of U.S. commerce, conscious that New York and this judicial district were the likely destination of a substantial quantity of those unlicensed CD-Discs." (FAC ¶ 46).

Based on these pleadings, Philips has made a *prima facie* showing that the Molls engaged in business activities in New York by placing unlicensed CD-Discs in the stream of commerce. Furthermore, Philips has shown that because the Molls knew that a substantial quantity of those unlicensed CD-Discs would end up in this forum, the Molls' decision to engage in those CD-Disc activities purposefully availed them of the benefits and protections of New York laws. Moreover, it is this same unlicensed CD-Disc activity that gives rise to Philips' cause of action against the Molls. The CD-Disc Patent License Agreement also consents to jurisdiction in New York, and John Edgar Moll signed it. (FAC Ex. M, ¶ 13.06). Thus, Philips' First Amended Complaint satisfies both prongs of the "specific" personal jurisdiction test.

Having shown that the Molls' acts are sufficient to subject them to specific jurisdiction in New York, the issue of jurisdiction now turns to whether this exercise of jurisdiction comports with federal due process.

**b)    The Molls Have "Minimum Contacts" With the Forum That Comport With Due Process**

As stated above, Federal Circuit law, not New York law, governs the due process inquiry. *Graphic Controls*, 149 F.3d at 1386. Under federal due process, the exercise of jurisdiction is proper where the defendant has "minimum contacts" with the forum. *Deprenyl Animal Health*, 297 F.3d at 1350. In the case of specific jurisdiction, "the 'minimum contacts' [test] requires the plaintiff to show that the defendant 'has purposefully directed his activities at residents of the forum' and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* In addition, the exercise of jurisdiction must not be so unreasonable as to offend traditional notions of fair play and substantial justice. *Id.* at 1351. However, "where a defendant

13

who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458-59 (Fed. Cir. 1997).

Philips' First Amended Complaint makes clear that the Molls have "minimum contacts" with New York. For the same reasons just discussed in the context of "specific" jurisdiction, Philips' First Amended Complaint contains *prima facie* allegations that the Molls have purposefully directed their unlicensed CD-Disc activities at residents of this forum. Similarly, Philips' First Amended Complaint illustrates that this litigation resulted from injuries to Philips that arose out of or relate to the same disputed CD-Disc activities. As such, the exercise of jurisdiction over the Molls in New York comports with due process. The Molls have not presented any case, much less a compelling one, as to other considerations that would render jurisdiction unreasonable.

c)     **At the Very Least, Philips Should Be Permitted to Take Discovery of the Molls Concerning Personal Jurisdiction**

If the Court has any doubt that the Molls are subject to personal jurisdiction, the Court should allow limited discovery directed to the issue of jurisdiction. According to the Federal Circuit, a district court "should take all necessary action, including whatever discovery appears appropriate, to ensure that the record is adequate to determine whether it has personal jurisdiction." *Trintec Indus. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005). The law of this Circuit is the same. *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 208 (2d Cir. 2003) ("it was premature to grant dismissal [under 12(b)(2)] *prior to allowing discovery* on plaintiffs' insufficiently developed allegations regarding the relationship between SKM and its subsidiary") (emphasis added). A party, therefore, is entitled to discovery

14

"where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" *Trintec*, 395 F.3d at 1283 (citation omitted).

Moreover, to the extent the Court finds that the record is inadequate, the Molls' motion to dismiss for lack of personal jurisdiction should be denied based on the limited publicly available information that Philips has been able to gather without the benefit of discovery. One reason the Court should allow discovery is because the Molls' motion is conspicuously silent concerning any sales in New York, the quantity of CD-Discs delivered by the Molls and/or Music City to New York, relationships with vendors in New York, and how much money the Molls or Music City have earned from any such sales in this forum. Such activities would provide a sufficient basis for the Court to exercise specific personal jurisdiction over the Molls.

Indeed, the Molls affirmatively decided to be less than forthcoming as to these details despite Philips' allegation that the Molls know that New York and this judicial district are the destination of a substantial quantity of unlicensed and infringing CD-Discs. That action warrants further discovery. The Molls simply cannot have it both ways — they cannot take advantage of New York commerce for their financial gain, yet avoid being subject to personal jurisdiction.

Finally, discovery would also allow Philips to test the Molls' assertion that the Court should respect the alleged separate identities of the Molls and Music City. For example, discovery would allow Philips to cross-examine the Molls concerning (1) the extent of control the Molls exercise over Music City; (2) the capitalization of Music City; (3) the organizational structure of Music City; (4) the Molls' and Music City's distribution networks in New York; (5) whether Music City's corporate veil can be pierced; and (6) any other factors that would assist the Court in determining whether specific personal jurisdiction exists over the Molls.

## III. CONCLUSION

For these reasons, Philips respectfully urges this Court to deny the Molls' Motion To Dismiss based on Fed. R. Civ. P. 12(b)(6) and 12(b)(2).

Date:   July 14, 2008

/s/ Samuel C. Bass
Vince P. Kovalick       (*pro hac vice*)
John F. Hornick         (*pro hac vice*)
Samuel C. Bass          (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Tel: (650) 331-2000
Fax: (650) 331-2060

Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel: (212) 506-2380
Fax: (212) 849-5830

*Attorneys for Plaintiffs*
*Koninklijke Philips Electronics N.V. and*
*U.S. Philips Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Samuel C. Bass

16