UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR., an individual; JOHN EDGAR MOLL, and individual, JOHN STEVEN MOLL, an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100,<br><br>    Defendants. | Civil Action No. 08-CV-4068 (CLB) |

DECLARATION OF SAMUEL CUMMINGS BASS IN SUPPORT OF
PHILIPS' MOTION TO DISMISS PATENT MISUSE AND TORTIOUS
INTERFERENCE COUNTERCLAIMS ASSERTED BY ADVANCED DUPLICATION
SERVICES, LLC, AMERICAN MEDIA INTERNATIONAL, LTD., INOVERIS LLC,
METATEC INTERNATIONAL, INC., MTI ACQUISITION, LLC, AND ZOMAX
INCORPORATED

I, Samuel Cummings Bass, declare as follows:

1. I am an associate at the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner. Unless otherwise specified, I have personal knowledge of all facts set forth in this Declaration, and I would and could testify competently thereto if called upon to do so.

2. I am admitted *pro hac vice* and currently represent Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips") in this case.

3. Attached as Exhibit A is a true, correct, and authentic copy of a letter sent by Ivan S. Kavrukov of Cooper & Dunham LLP to Judge Charles L. Brieant, dated February 21, 2008.

4. Attached as Exhibit B is a true, correct, and authentic copy of an email from John F. Hornick of Finnegan, Henderson, Farabow, Garrett & Dunner LLP to Ivan S. Kavrukov of Cooper & Dunham LLP, sent March 10, 2008 at 1:04 PM.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of July, 2008 at Washington, District of Columbia.

_____
Samuel Cummings Bass

# EXHIBIT A

COOPER & DUNHAM LLP
ATTORNEYS AT LAW

1185 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036
TELEPHONE: (212) 278-0400

CHRISTOPHER C. DUNHAM
NORMAN H. ZIVIN
JOHN P. WHITE
ROBERT B.G. HOROWITZ
ERIC D. KIRSCH
GARY J. GERSHIK
WENDY E. MILLER
ROBERT F. MALDONADO
MARIA V. MARUCCI
JEFFREY C. SHIEH
TONIA A. SAYOUR
ASHOK G. CHANDRA*
LISA E. HORWITZ*

IVAN S. KAVRUKOV
PETER D. MURRAY
WILLIAM E. PELTON
ROBERT D. KATZ
PAUL TENG
PETER J. PHILLIPS
RICHARD S. MILNER
RICHARD F. JAWORSKI
AUDE GERSPACHER
BRIAN J. AMOS
GREGORY J. CARBO
JOSEPH A. SHERINSKY*
HINDY R. DYM*

*NEW YORK STATE BAR ADMISSION PENDING

FACSIMILE: (212) 391-0525
(212) 391-0526
(212) 391-0630
(212) 391-0631
(212) 827-0247

SCIENTIFIC ADVISOR
JAMES R. MAJOR, D. PHIL
AMANDA L. WILLIS, PH.D.

FOUNDED 1887
www.cooperdunham.com

February 21, 2008

**BY FEDERAL EXPRESS**
Judge Charles L. Brieant
United States Courthouse
300 Quarropas St., Room 275
White Plains, NY 10601

Re:  Koninklijke Philips Electronics N.V., et al. v. Cinram International Inc. et al.,
Civil Action No.: 08-00515 (CLB)

Dear Judge Brieant:

This action involves a claim for alleged patent infringement of U.S. Patent 5,068,846 coupled with a contract count that is entirely contingent on the patent claim. The defendants firmly deny any infringement or breach of contract.

Defendants request a pre-motion conference to discuss their proposed motion for preliminary relief directing plaintiffs to refrain from sending misleading threats to defendants' customers and to produce copies of such communications to allow for remedial advice to customers.

The communications at issue include threats that are objectively baseless. Defendants do not contest any effort by plaintiffs to send a legitimate notice of patent rights or intent to enforce such rights.[1] Defendants only seek relief regarding misleading content of plaintiffs' communications to customers, such as:

- Plaintiffs improperly threatened a customer by a letter dated January 31, 2008 (copy attached as Exhibit A) (1) alleging that the customer buys compact discs ("CDs") that

---

[1] Injunctions granted in case of objectively baseless threats to customers: *Etna Products Co., Inc. v. Harold Finney*, 1993 U.S. Dist. LEXIS 2796, *9-10 (S.D.N.Y. 1993); *Lucasey Mfg. Corp. v. Anchor Pad Intern., Inc.*, 698 F.Supp. 190, 193 (N.D. Cal. 1988); *T.J. Roaco, Ltd. v. Syntex Pharmaceuticals Int'l, Ltd.*, 227 U.S.P.Q. 1033, 1036 (D.N.J. 1985). Injunctions denied where a notice of patent rights was not objectively baseless: *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed.Cir. 2002); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1377.

...

infringe U.S. Patent 5,790,512, when in fact this patent is not the patent-in-suit and has no application to CDs even according to plaintiffs' representations to industry[2], and (2) misrepresenting that the customer bought CDs from "manufacturers who do not pay Philips CD Disc royalties;" and

- Plaintiffs improperly threatened another customer in an email dated February 13, 2008 (copy attached as Exhibit B), alleging that "All CD discs manufactured by Zomax go unreported/unpaid and therefore infringe," when in fact Zomax has both reported and paid for CD discs.[3] Moreover, the communication improperly seeks, on that basis, to divert the customer to another supplier of CD discs.

These objectively baseless communications harm valuable business relationships that defendants have built with their customers. Their misleading content takes them outside the scope of protected advice regarding patent rights. Absent the requested relief, it will not be possible for defendants to identify and compute damages from plaintiffs' conduct or to take remedial steps

Defendants requested but did not receive plaintiffs' voluntary cooperation in identifying such communications to customers and taking remedial action.

Accordingly, defendants request a pre-motion conference to seek permission to file a motion for a preliminary injunction directing plaintiffs to (1) refrain from sending such communications to customers, (2) produce the communications sent to such customers since the filing of or pertaining to this action and related actions that plaintiffs concurrently filed in Texas but have not yet served, and (3) cooperate in sending communications to customers withdrawing the misleading allegations.

Respectfully submitted,

*Ivan Kavrukov*

Ivan S. Kavrukov
Attorney for Defendants

Cc: Vince P. Kovalick (by email, confirmation by Federal Express)
Edward D. Johnson (by email, confirmation by First Class Mail)
Christopher J. Houpt (by email, confirmation by First Class Mail)
Trey Yarbrough (by email, confirmation by First Class Mail)

---

[2] *See* (a) last page of Exhibit A hereto, in which Philips identifies patent 5,790,512 as applicable only to discs other than CDs, and (b) Exhibit C attached hereto, downloaded from plaintiffs' webpage on February 21, 2008, which identifies patents allegedly applicable to CDs but does not include patent 5,790,512.
[3] Zomax is named as a defendant in a complaint that plaintiffs filed in the Eastern District of Texas concurrently with their complaint in this court and alleging infringement of the same patent. Moreover, some of the CDs at issue were made for Zomax by defendants in this action.

# EXHIBIT B

# Hornick, John

| | |
|---|---|
| **From:** | Hornick, John |
| **Sent:** | Monday, March 10, 2008 1:04 PM |
| **To:** | Ivan S. Kavrukov |
| **Cc:** | Bass, Samuel; Spencer, Jennifer; Kovalick, Vince; 'Houpt, Christopher J.'; Johnson, Ward; 'Gregory Carbo' |
| **Subject:** | RE: Philips v. Cinram 3/7/08 Agreement |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Orange |
| **Attachments:** | Philips Letter.PDF |

Dear Ivan:

This email is intended to memorialize the compromise agreement reached between Philips and Cinram on Friday March 7, 2008. The agreement is as follows:

1. Philips will change the 1/31/08 letter to Eagles Recording Company, as shown in the attached marked-up copy of that letter, and send it to Eagles Recording Company;
2. Philips will send to H&R Block a letter or email containing the substance of the attached marked-up copy of the 1/31/08 letter to Eagles Recording Company. Philips may send such email or letter to you in advance for your review, on behalf of Cinram, but is not obligated to do so;
3. Philips will send nos. 1 and 2 above in the reasonably near future, and will copy you, on behalf of Cinram;
4. Future letters sent by Philips to third parties relating to CD Audio Discs and/or CD ROM Discs will contain the substance of the attached marked-up copy of the 1/31/08 letter to Eagles Recording Company. Philips is not obligated to send such letters to you before sending them to third parties, and is not obligated to copy you (or Cinram) on such letters.

Unless we hear from you to the contrary, we will assume that this description of the agreement comports with your understanding.

Sincerely,

John

7/16/2008