**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. Action No. 08-CV-04068 (CLB) (GAY) |
| THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC.; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR.,  an individual; JOHN EDGAR MOLL,  an individual, JOHN STEVEN MOLL,  an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ECF Filed |
| Defendants. | ) | |

**DEFENDANTS JOHN EDGAR MOLL AND JOHN STEVEN MOLL'S**
**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants John Edgar Moll ("John Moll") and John Steven Moll ("Steven Moll") (collectively, the "Molls"), respectfully submit this reply brief in support of their Motion to Dismiss.

## ARGUMENT

### I.    PLAINTIFFS HAVE FAILED EVEN UNDER PRE-*TWOMBLY* STANDARDS.

Defendants' argument that Plaintiff must allege something beyond mere conclusory allegations is well-found in pre-*Twombly* case law. *See In re Currency Conversion Fee Antitrust Litigation*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) ("Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard."). This includes Second Circuit case law. In *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996), the Second Circuit held that the complaint was properly dismissed when it failed to allege sufficient supporting facts to support the allegation that the fraudulent actions taken by corporate subsidiary's employees were "caused by, known to and ratified by" the parent corporation. The court noted that "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Id.* (quoting *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)).

The Plaintiffs argument that *Twombly* has not resulted in a heightened pleading standard is moot, as Plaintiffs have failed to state a claim under prior case law  (and it is clear that *Twombly* certainly has not *lowered* the pleading requirement). Plaintiffs' memorandum in opposition repeats the conclusory allegations of the First Amended Complaint, but mere repetition does not turn a conclusory allegation to an allegation of fact.

Accordingly, because Plaintiffs have failed to allege any facts which support their conclusory allegations listing the elements of a claim of piercing the corporate veil, the claims of direct patent infringement and breach of contract, to the extent that they are based on an alter-ego theory, should be dismissed.

## II.     NO VIABLE PATENT INFRINGEMENT CLAIM CAN BE MADE.

Plaintiffs assert that the Molls have induced the infringement of U.S. Patent No. 5,068,846 ("the '846 Patent") by Music City Optical Media, Inc. ("MCOM"). However, in order for an inducement claim to be viable, there must be an underlying patent infringement. *See Micro Chemical, Inc. v. Great Plains Chem. Co.*, 103 F.3d 1538, 1549 (Fed. Cir. 1997) ("There can be no inducement to infringe absent direct infringement."). In this case, even assuming all of the factual allegations of the First Amended Complaint to be true, there can be no viable claim for patent infringement by MCOM, and thus no claim for inducement against the Molls.

The resolution of this case turns on a single factual issue: were some or all the CDs sold by MCOM after 2Q 2006 covered by the '846 Patent? The answer to this question will be either "Yes" or "No."

If the answer is "Yes," as Plaintiffs contend, then the CDs in question are covered under the License Agreement between MCOM and Philips (Exhibit M to the First Amended Complaint), and MCOM arguably will be liable for breach of the license agreement. This is because the '846 Patent is one of the patents listed as a "Licensed Patent" under the License Agreement. *Id.* ¶¶ 71, 76. Assuming the allegations of the First Amended Complaint are true, the CDs sold by MCOM would then be "Licensed Products" and MCOM would owe royalties under the License Agreement for the sale of these Licensed Products. First Amended Complaint ¶¶ 63-65. As Plaintiffs allege, in the event that MCOM fails to comply with any of its obligations under the License Agreement, the "Standard Rates" instead of "Compliance Rates" would apply, until the non-compliance shall have been remedied in full. *Id.* ¶ 81. The License Agreement is still in effect and has not been terminated. Accordingly, if the CDs in question are covered by the '846 Patent, then the CDs are covered by the License Agreement, and there can

be no claim for patent infringement (i.e., if the CDs are "Licensed Products," then their sale cannot be an infringement of the patent).

If the answer is "No," as Defendants contend, then, of course, there can be no infringement of the '846 Patent because the CDs would not be covered by that patent.

Accordingly, there is no possible viable claim for patent infringement under the facts as stated in the First Amended Complaint. While this is a breach of a patent license case, it is not a patent infringement case. If the facts as alleged by Plaintiffs are true and correct, then Plaintiffs have stated only a claim for breach of contract, and not a claim for patent infringement. There is no alternative state of facts where a claim for infringement can be made, because if the facts are otherwise, and the CDs are not covered by the '846 Patent, then there is no infringement of the '846 Patent as a matter of course. And as there can be no infringement by MCOM, there can be no inducement of infringement by the Molls.

## CONCLUSION

Because the Plaintiffs' have failed to allege sufficient facts under *Twombly* to support its claims that the Molls are individually liable and because there is no viable patent infringement claim, either directly or by inducement, the Court should grant Defendants' Motion to Dismiss and dismiss all claims against the Molls.

Date: July 24, 2008                    Respectfully submitted,


By:   s/David J. Eklund
        Robert E. Hanlon (RH-8794)
        David J. Eklund (DE-1068)
        ALSTON & BIRD LLP
        90 Park Avenue

New York, NY  10016-1387
(212) 210-9400
(212) 210-9444 (fax)

W. Edward Ramage (TN No. 16261)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee  37201
Phone:          (615) 726-5771
Facsimile:      (615) 544-5771
Email: eramage@bakerdonelson.com


*Attorneys for John Edgar Moll and John
Steven Moll*