IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | : : : | |
| Plaintiffs, | : : | Civil Action No.08-cv-4068 (CLB) |
| v. | : : | ECF Case |
| THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR., an individual; JOHN EDGAR MOLL, an individual, JOHN STEVEN MOLL, an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100 | : : : : : : : : : : : : : : | |
| Defendants and Counterclaim Plaintiffs. | : : | |

**JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PATENT INFRINGEMENT CLAIMS AGAINST CUSTOMERS**

In their opposition to Customers' Carbonite, Inc. and Hal Leonard Corp. ("Customers") Motion to Dismiss, plaintiffs Koninklijke Philips Electronics, N.V.'s and U.S. Philips Corporation's (collectively referred to as "Philips") contend that patent exhaustion does not apply to the facts of this case because Defendants The ADS Group a/k/a Advanced Duplication Services LLC ("ADS") and Zomax Incorporated ("Zomax") supposedly lacked the authority to

sell CDs to Customers. As further explained below, Philips' contention is without merit.

I.   ARGUMENT

    A. Defendants Are "Authorized" To Sell CDs To Downstream Customers

Philips admits by allegation that a valid license agreement existed at the time that the Customers purchased CDs from Defendants ADS and Zomax. (First Amended Complaint, ¶ 128). In its First Amended Complaint, Philips also alleged that it had granted to ADS and Zomax a license to the patent-in-suit to sell CDs to downstream customers. (First Amended Complaint, ¶¶ 54, 59 and 74).

The ADS license agreement provides that the "Agreement shall remain in force for a period of 10 years from the Effective Date [July 1, 2002] unless terminated earlier" in accordance with the provisions of the agreement. (First Amended Complaint, Exh. B, pg. P001766, ¶12.01). Similarly, the Zomax license agreement provides that the "Agreement shall remain in force until the expiration date of the last to expire Licensed Patent in the Territory essential to CD-Discs . . . ." (First Amended Complaint, Exh. Q, at pg. P001230, ¶12.1). Philips admits that "neither Philips nor the Replicator Defendants [ADS and Zomax] have terminated the Replicator Agreements or the Zomax Agreement." (First Amended Complaint, ¶ 128). [1] Accordingly, Philips admits that its grant of a license to the patent-in-suit contained in each of the ADS and Zomax agreements remains in full force and effect and Defendants ADS and Zomax have thereby been "authorized" by Philips at all times to sell CDs to the downstream

---

[1] For purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a Court may consider "documents attached to the complaint as exhibits and documents incorporated by reference." *In re Livent, Inc. Noteholders Securities Litigation*, 151 F.Supp.2d 371, 404 (S.D.N.Y. 2001) (citing *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999)); *see also Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995). The language quoted above is contained in the ADS and Zomax license agreements, attached as Exhibits B and Q, respectively, to Philips' First Amended Complaint. The license agreements support the allegations by Philips that Defendants ADS and Zomax are licensed and that each agreement remains valid and subsisting.

Customers.

Under *Quanta Computer, Inc. v. LG, Electronics, Inc.*, 128 S.Ct. 2109, 2122 (2008), "[t]he authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article." *Id.* In this case, as indicated above, "[t]he License Agreement authorized . . . [ADS and Zomax] to sell products that practiced . . . [the patent-in-suit]." *Quanta Computer, Inc. v. LG, Electronics, Inc.*, 128 S.Ct. 2109, 2122 (2008).

Philips contends that patent exhaustion does not apply because Defendants ADS and Zomax allegedly did not pay royalties to Philips. However, Philips cites no legal authority to support its contention. Moreover, the fact that there is a dispute between Philips, the licensor, and Defendants ADS and Zomax, the licensees, as to whether certain royalties need be paid for certain products is irrelevant since according to Philips, the grant of rights under the ADS and Zomax agreements remains in force. There can be no doubt that the licensees were licensed when Customers purchased CDs pursuant to a "sale authorized by the patent holder" under an admittedly valid and subsisting license agreement. *Quanta*, 128 S.Ct. at 2121.

Philips' reliance on *General Talking Pictures Corp. v. Western Elec. Co.*, 305 U.S. 124 (1938) is inapplicable because there the issue was an alleged violation of a "field-of-use" restriction in the license rather than the existence of a license. In *General Talking Pictures*, the Court found that the manufacturer lacked authority to sell amplifiers for commercial use because the license permitted the sale of amplifiers only for private and home use. *Id.* at 126-127. The Court found that if a manufacturing licensee sells a product in violation of a field-of-use restriction in a license, both the licensee and the purchaser may be sued for infringement. *Id.* Unlike the agreement in *General Talking,* the agreements in this case contain no restrictions on sales and Philips has made no allegations that ADS or Zomax sold any CDs in violation of any

3

such restriction. Indeed, an authorized sale, even one with attempted conditions or reservations, necessarily exhausts the patentee's statutory rights.

Finally, Philips' contention that under *Quanta*, the mere existence of a valid license cannot establish an authorized sale misunderstands the facts of *Quanta.* (Defendants' Opposition, pg. 5). The Court in Quanta analyzed whether the sale under the license agreement was authorized because the licensor claimed that the license agreement language did not permit the licensee to sell its products to purchasers such as Quanta. Contrary to Philips contention, the facts in *Quanta* did not give rise to a question whether the existence of a license is sufficient to establish authorized sales. *Quanta*, 128 S.Ct. at 2121-2122.

Customers' sale of CDs are insulated from Philips' patent infringement claims because such CDs were sold to the Customers by Defendants, who were authorized to sell under each of their respective license agreements with Philips which, according to the Philips First Amended Complaint, are valid and subsisting. Accordingly, Philips' claims against the Customers fail as a matter of law and should be dismissed.

## II.    CONCLUSION

Because the Second Count of the First Amended Complaint fails to state a claim for relief under any viable legal theory, the Customers respectfully request that their motion to dismiss such Count be granted.

                                      Respectfully submitted,

                                      COOPER & DUNHAM LLP

Dated: July 24, 2008                /s/ Ivan S. Kavrukov
                                            Ivan Kavrukov (IK 4452)
                                            William E. Pelton (WP 1850)
                                            Tonia A. Sayour (TS 7208)
                                            Gregory J. Carbo (GC 8459)
                                            1185 Avenue of the Americas
                                            New York, New York 10036
                                            Tel: (212) 278-0400
                                            Fax: (212) 391-7550
                                            ikavrukov@cooperdunham.com
                                            wpelton@cooperdunham.com
                                            tsayour@cooperdunham.com
                                            gcarbo@cooperdunham.com

                                            Attorneys for Defendants
                                            Carbonite, Inc. and Hal Leonard Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2008, a copy of the foregoing **JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PATENT INFRINGEMENT CLAIMS AGAINST CUSTOMERS** was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Christopher J. Houpt
> MAYER BROWN LLP
> 1675 Broadway
> New York, New York 10019
> choupt@mayerbrown.com
>
> Edward D. Johnson
> MAYER BROWN LLP
> Two Palo Alto Square, Suite 300
> 3000 El Camino Real
> Palo Alto, California 94306-2112
> wjohnson@mayerbrown.com

and was served by email and by First Class Mail, postage prepaid, on the following attorneys for plaintiffs, Koninklijke Philips Electronics N.V. and U.S. Philips Corporation, addressed as follows:

> Vince P. Kovalick
> John F. Hornick
> Samuel C. Bass
> FINNEGAN, HENDERSON, FARABOW,
> GARRETT & DUNNER, L.L.P.
> 901 New York Avenue, N.W.
> Washington, D.C. 20001
> vince.kovalick@finnegan.com
> John.Hornick@finnegan.com
> Samuel.Bass@finnegan.com

/s/ Ivan S. Kavrukov
Ivan S. Kavrukov

6