UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE ADS GROUP fka ADVANCED DUPLICATION SERVICES LLC; AMERICAN MEDIA INTERNATIONAL, LTD.; CARBONITE INC.; THE COMVEST GROUP; CONCORD RECORDS, INC.; CONCORD MUSIC GROUP, INC; EVA-TONE, INC.; HAL LEONARD CORP.; HUDSON VALLEY CAPITAL PARTNERS, INC.; INOVERIS LLC; INTUIT INC.; METATEC INTERNATIONAL, INC.; MTI ACQUISITION LLC aka MTI ACQUISITION CORP.; MUSIC CITY OPTICAL MEDIA, INC.; ZOMAX INCORPORATED; MICHAEL F. HARDWICK, an individual; ARUN KHURANA, an individual; JEAN A. LAGOTTE JR., an individual; JOHN EDGAR MOLL, and individual, JOHN STEVEN MOLL, an individual; DAVID A. SILVON, an individual; and John Does No. 1 through 100,<br><br>    Defendants. | Case No. 08-cv-4068 (CS) (GAY) |

### KONINKLIJKE PHILIPS ELECTRONICS N.V.'S AND U.S. PHILIPS CORPORATION'S MEMORANDUM IN OPPOSITION TO CONCORD RECORDS, INC.'S AND CONCORD MUSIC GROUP, INC'S MOTION TO DISMISS COUNT II OF FIRST AMENDED COMPLAINT

Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips") hereby oppose Defendants Concord Records, Inc.'s and Concord Music Group, Inc.'s (collectively "Concord") Motion to Dismiss Count II of Philips' First Amended Complaint.

1

I. SUMMARY

Concord asserts that, as a matter of law, they cannot be liable for patent infringement because Philips' patent rights were exhausted when Concord purchased the infringing CDs from a licensed manufacturer and co-Defendant, Music City Optical Media, Inc. ("Music City"). Concord's analysis, however, suffers from a critical flaw, namely, their improper assumption that they purchase **authorized** CDs from Philips' licensee. Simply stated, this is not true. Concord's assumption is directly contrary to Philips' First Amended Complaint, which specifically alleges why such CD sales are **not** authorized. The mere fact that Philips has entered into an unterminated license agreement with Music City does not establish that any sale by such licensee is automatically an authorized sale. To the contrary, where, as here, a licensee fails to perform under the license (by not paying royalties), any CD sales by the licensee are not authorized. Because such CD sales are not authorized, the law is clear that there can be no exhaustion of Philips' patent rights. In addition, Concord's reasoning contradicts established Supreme Court precedent. Moreover, Philips has not terminated Music City's license because it covers patents and products other than the CD-Discs and the '846 Patent that are the subject of this action. For these reasons, Concord's Motion to Dismiss must be denied.

II. ARGUMENT

    A.    Applicable Standard - Rule 12(b)(6) Motions

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept all the material allegations of the claim as true, even if doubtful in fact, and must draw all reasonable inferences in the claimant's favor. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007); *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008); *Cerveceria Modelo, S.A. De C. V. v. USPA Accessories LLC*, 2008 WL 1710910, *2 (S.D.N.Y. 2008). The Court's role in

deciding a motion to dismiss is merely to assess the legal feasibility of the Complaint, not to assess the weight of the evidence that might be offered in support thereof. *Leyse v. Clear Channel Broadcasting, Inc.*, 2006 WL 23480, *1 (S.D.N.Y. 2006). Motions to dismiss under Rule 12(b)(6) are rarely granted and are generally viewed with disfavor. *See Patane v. Clark*, 508 F.3d 106, 116 (2d Cir. 2007). Indeed, a well-pleaded Complaint may proceed even if it appears that a recovery is very remote and unlikely. *Bell Atlantic Corp.*, 127 S. Ct. at 1965.

In two recent decisions, *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), and *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court revisited the liberal notice-pleading standards embodied in Fed. R. Civ. P. 8, and the narrow scope of a court's review when the sufficiency of a pleading is challenged under Fed.R.Civ.P. 12(b)(6). In *Erickson* (a case ignored by Concord but the Supreme Court's most recent pronouncement on this issue), the Court reaffirmed Rule 8's liberal notice-pleading requirements, stating "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* at 2200 (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Consistently, in *Bell Atlantic*, the Court stated that adequate pleading requires "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.[1]

The Second Circuit interpreted *Erickson* and *Bell Atlantic* to require a district court to apply "a flexible plausibility standard" when considering the sufficiency of a Complaint under Rule 12(b)(6). *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). Under this "flexible plausibility

---

[1] Philips' First Amended Complaint is in marked contrast to C&D Defendants' counterclaims for patent misuse and tortious interference with business relationships, which are subject to Philips' co-pending motion to dismiss (Dkt. 67), and which are not plausible on their face.

standard," generalized allegations will often suffice; the standard "obliges a pleader to amplify a claim with some factual allegations" only "in those contexts where such amplification is needed to render the claim plausible." *Id.* at 157-58.  In other words, if the liberal pleading standard is met, the Complaint must be allowed to proceed "even if it strikes a savvy judge ... 'that a recovery is very remote and unlikely.' " *Bell Atlantic Corp.*, 127 S. Ct. at 1964.

Philips' patent infringement claim against Concord meets the flexible plausibility standard.

### B. The Doctrine Of Patent Exhaustion Is Inapplicable Because The CD Sales Were Not Authorized From Philips' Licensees

Concord does not purchase authorized CDs from a Philips' licensee. Thus, they are simply incorrect that the doctrine of patent exhaustion precludes Philips from enforcing its patent rights against them.  Indeed, it is well-established that patent "[e]xhaustion is triggered only by a sale authorized by the patent holder." *Quanta Computer Inc. v. LG, Electronics, Inc.*, 128 S. Ct. 2109, 2121 (2008). Concord does not and cannot contest this point of law.  Instead, they merely describe the existence of an unterminated license agreement between Philips and Defendant Music City to suggest that any CD purchases from this particular licensee are automatically authorized.  This argument is flawed.  Not only is it inconsistent with fundamental legal principles, but it runs afoul of Philips' factual allegations in the First Amended Complaint.

It is hornbook law that the mere existence of a license does not provide a complete defense for purposes of infringement or patent exhaustion. *General Talking Pictures Corp. v Western Elec. Co.*, 305 U.S. 124, 126-27 (1938).  In *General Talking Pictures,* the Court found a licensee was violating a field of use restriction in a license, and therefore the licensee <u>and</u> the purchaser could be sued for patent infringement.  *Id*.  Where a licensee makes and sells a patented article in violation of the terms of its license, "the effect is precisely the same as if no

4

license whatsoever had been granted," and the patentee can sue both the licensee and the purchaser for infringement of the patent. *Id*. at 127. Moreover, a patentee may grant a license "upon any condition the performance of which is reasonably within the reward which the patentee by the grant of the patent is entitled to secure." *Id.* (quoting *United States v. General Electric Co.,* 272 U.S. 476, 489 (1926)).

Philips has pleaded that Music City violated <u>express conditions</u> of the license (i.e., to submit quarterly "Royalty Reporting Forms" to Philips listing all CD-Discs that it manufactures and sells, to pay royalties on such CD-Discs, and to keep accurate books and records relating to Music City's manufacture and sale or other disposal of CD-Discs), and therefore Philips can sue both Music City and Concord for unauthorized sales of CDs. Thus, the issue of whether patent exhaustion attaches turns in part on whether the activity or sales are authorized under the license, not on the mere existence of a license. *See Quanta*, 128 S. Ct. at 2122. Here, Philips clearly alleges in its First Amended Complaint that Concord's purchases of CDs made or sold by Philips' licensees, who are in material breach of their license agreements, are not authorized.

Even a cursory review of the patent license confirms that Music City has violated express conditions of the agreement. According to § 2.01 of the patent license agreement (Exhibit M of the "FAC"), Music City is licensed "to manufacture Licensed Products .... and sell or otherwise dispose of Licensed Products so manufactured in all countries of the world." However, pursuant to §1.15, Licensed Products are defined as "CD's.... which are duly reported and for which the royalties due hereunder are paid in accordance with the provisions of this Agreement." Under the express language of the license agreement, if the royalties are not reported and paid, then products are not Licensed Products and no authorization, by definition, is given under the agreement. A court's "consideration [on a motion to dismiss] is limited to facts stated on the face

5

of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991); *accord*, *e.g.*, *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006). Thus, for at least this reason, Philips has properly established that Concord does not purchase authorized CDs from a Philips' licensee.

Additionally, in the First Amended Complaint, Philips alleges that Music City and others were granted a license to make and sell CDs falling within the claims of U.S. Patent No. 5,068,846. (First Amended Complaint ("FAC") ¶¶ 58, 60, 68). However, Concord ignores Philips' express allegations that any such licensed right to make and sell CDs is contingent upon the payment of royalties to Philips (FAC ¶¶ 75-78, 96), and is conditioned upon the submission of "Royalty Reporting Forms" to Philips and keeping records relating to the Defendants' manufacture and sale or other disposal of CD-Discs (FAC ¶ 82). Concord also disregards Philips' allegation that the Defendant licensees have been making and selling CDs covered by the '846 patent and have wrongly retained royalties that should have been paid to Philips. (FAC ¶¶ 87-90, 95-97). Thus, the CD sales that Concord clings to are not authorized.

To suggest otherwise — as Concord does — vitiates a basic licensing principle: a patent owner who licenses sales of a patented device rightfully expects to receive the value of the patent in exchange for the license. Philips' licensees have failed to pay the necessary royalties in conjunction with their licenses, which are factual allegations that must be accepted as true for the purposes of this motion. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Thus, any downstream CD sales from the Defendant licensees, including Music City, are not authorized. Thus, Concord cannot rely on these sales to invoke patent exhaustion.

Concord's argument that it is irrelevant that "Philips is alleging breach of the License Agreement by Music City" highlights their confusion with respect to the doctrine of patent exhaustion and the scope of patent infringement. The purpose of the patent exhaustion doctrine has never been to provide bonanzas for purchasers and, in fact, patent exhaustion should not apply unless "it may fairly be said that the patentee has received his reward for the use of the article." *United States v. Masonite Corp.,* 316 U.S. 265, 278 (1942). While a patentee is "entitled to but one royalty for a patented machine," he is entitled to obtain that one royalty, and the patent exhaustion doctrine should not be applied so woodenly as to defeat that right. *Id*. According to Concord's erroneous reasoning, Philips has no right to collect royalties on the CD-Discs at issue. Such a standard not only contradicts logic, but also black letter law.

Furthermore, Concord's reliance on *Quanta* is misplaced. Nothing in *Quanta* supports Concord's position that patent exhaustion applies here. The Supreme Court's holding of patent exhaustion in *Quanta* was based on the fact that there was an **authorized** sale from LG's licensee, Intel, to Quanta, the defendant. *Quanta*, 128 S. Ct. at 2121-22. There was no allegation that Intel had failed to pay royalties to LG, and there certainly was no finding that Intel's sales of the licensed products were unauthorized. Thus, *Quanta's* application of patent exhaustion was limited to **authorized** downstream sales. Unlike *Quanta*, this case concerns unauthorized downstream sales. Therefore, *Quanta* supports Philips' position that Concord's motion should be denied. *Quanta* expressly recognizes that unauthorized sales — such as those present here — do not trigger patent exhaustion. *Id*. at 2122.

Moreover, the Supreme Court's analysis in *Quanta* contradicts Concord's broad allegation that the mere existence of a license between Philips and Music City establishes authorized sales. If Concord were correct, the Supreme Court would have had no reason to

7

analyze the license agreements at issue in *Quanta*. Instead, the Court would have ended its inquiry and based its finding of exhaustion on the mere fact that the plaintiff had licensed its patent portfolio to another party. That, of course, is not how *Quanta* played out. *Quanta* specifically inquired as to whether the sales under the license were authorized. *Id*. When taken as true, as the law requires, Philips' allegations establish that the downstream CD sales from the Defendant licensees are unauthorized, and that as the patentee, Philips can sue both the licensees and their customers, including Concord, for patent infringement.

### C. Music City Is Licensed for Other Products and Patents

The license agreement between Philips and Concord's supplier, Music City, covers many CD-Disc products and many patents, as described in the First Amended Complaint (FAC ¶ 58). Only certain types of CD-Discs covered by such license are the subject of the present action (see FAC ¶ 64, 68, 72). Music City does not appear to be breaching the license agreement for other products or patents. Thus, Music City is in material breach of its license for some products, but not for others, and therefore Philips has not terminated the license. This situation highlights the reason why patent exhaustion cannot turn on whether or not a license agreement has been terminated. As discussed above, the key inquiry is whether the licensee's sales are unauthorized, based on a material breach of the license. Philips has alleged that Music City has materially breached its license and that the CD-Discs it makes and sells are unauthorized and therefore infringing. These allegations must be accepted as true for this motion, and therefore the patent exhaustion doctrine does not apply.

### III. CONCLUSION

For these reasons, Philips respectfully urges this Court to deny Concord's Motion to Dismiss.

Date: September 5, 2008

        */s/ Samuel C. Bass*
        Vince P. Kovalick   (*pro hac vice*)
        John F. Hornick    (*pro hac vice*)
        Samuel C. Bass    (*pro hac vice*)
        Ali I. Ahmed
        FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, L.L.P.
        901 New York Avenue, N.W.
        Washington, D.C. 20001-4413
        Tel: (202) 408-4000
        Fax: (202) 408-4400

        Edward D. Johnson
        MAYER BROWN LLP
        Two Palo Alto Square, Suite 300
        3000 El Camino Real
        Palo Alto, California 94306-2112
        Tel: (650) 331-2000
        Fax: (650) 331-2060

        Christopher J. Houpt
        MAYER BROWN LLP
        1675 Broadway
        New York, New York 10019
        Tel: (212) 506-2380
        Fax: (212) 849-5830

        *Attorneys for Plaintiffs*
        Koninklijke Philips Electronics N.V. and
        U.S. Philips Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2008, a copy of the foregoing **KONINKLIJKE PHILIPS ELECTRONICS N.V.'S AND U.S. PHILIPS CORPORATION'S MEMORANDUM IN OPPOSITION TO CONCORD RECORDS, INC.'S AND CONCORD MUSIC GROUP, INC'S MOTION TO DISMISS COUNT II OF FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will notify the following attorneys of such filing:

Abigail M. Kagle
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036

Robert D. Becker
Shawn G. Hansen
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304

Ivan Kavrukov
William E. Pelton
Tonia A. Sayour
Gregory J. Carbo
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, NY 10036

Arhtur S. Beeman
Pamela K. Fumer
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Robert Eliot Hanlon
David J. Eklund
Alston & Bird LLP
90 Park Avenue
New York, New York 10016-1387

*/s/ Jennifer Hibner-Spencer*